## COWELL *et al. v.* DOUB, Tax Collector.

Moore *v.* Patch, Tax Collector, (*ante* 265) affirmed.

A party seeking to enjoin the collection of tax assessed upon his property, upon the ground that the law provides for the meeting of the Board of Equalization for the correction of the tax list, and that the Board did not meet as required, must show in his bill that there was error to be corrected in his list.

Nor can such party enjoin the collection of the tax upon the ground that notice was not given of the meeting of the Board, as required by law, unless he shows that there was error in the assessed value of his property to his prejudice.

Appeal from the Seventh District, County of Marin.

This was a suit in equity brought to enjoin the collection of State and County tax assessed upon the property of the plaintiffs, in the County of Marin.

This bill was originally filed in December, 1857, and set out in detail many irregularities in the levy, assessment and equalization of the tax.    To this bill defendant demurred; the Court sustained the demurrer, and gave the plaintiffs leave to amend.    Between the time of filing the original bill and the decision of the Court upon the demurrer, the Legislature passed an Act extending the time for the collection of the tax.    This law, passed February 1st, 1858, confirmed the assessment roll in the hands of the Collector, and provides that the Board of Equalization shall again meet on the third Monday in Feb-

ruary, 1858, and continue in session from day to day for four days; that notice of the meeting of the Board should be given, by posting, in three public places in the county, and by publication in the San Francisco *Herald*, at least ten days before the meeting of the Board, and that all persons dissatisfied might appear before the Board and have their list corrected, etc.   The amended bill sets out facts showing that the law of the first of February, 1858, was not complied with, but this is traversed by the answer.   The defendant relies on the law of 1858 as curing any defects in the original levy, assessment, etc.   The notice was published in the *Herald* on the sixth day of February, 1858, and the third Monday fell on the fifteenth of the month.   It is alleged that this notice was not in time.   Defendant had judgment, and plaintiffs appealed.

*A. T. Wilson* for Appellants.

*W. Skidmore* for Respondent.

BALDWIN, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Some of the questions in this case have been decided in case of Moore *v.* Patch, at the last term.   The Legislature, on the first of February, 1858, (Sessions Acts, p. 24) confirmed the tax list or assessment roll, as completed by the acting Assessor of the County of Marin, for the fiscal year ending June 30th, 1858, in the words, or nearly the words, of the San Francisco Act, construed in the case of Patch.   This we decided the Legislature had the right to do.   If any informalities occurred in the assessment of the taxes—the taxes themselves being just debts, and this a mere mode of collecting them—the Legislature could cure them in this way.

It is no objection that the same Act provides for a correction of this list by the Board of Equalization.   The case does not show that there was error to be corrected, so far as the appellants' property is concerned.

It is not material whether the notice provided to be given in the fifth section of this Act was given regularly or not.   The notice was only important as affording an opportunity for correcting errors in the value

of the property taxed.    But, as said before, the record does not show that there was any error in the value of the property taxed to the prejudice of the appellants.

The judgment is affirmed.