No. 2,289.

THE CITY OF OAKLAND, RESPONDENT, *v.* S. B. WHIPPLE, APPELLANT.

PRESUMPTIONS IN REVIEWING THE FINDINGS BY THE COURT.—In the absence of express findings by the Court below on an essential point, this Court will presume the implied findings to have been such as are necessary to sustain the judgment.

TAXATION.—Personal property, transiently within a county, cannot be there taxed, but should be taxed in the county in which the owner resides.

IDEM—PROCEEDINGS FOR THE COLLECTION OF TAXES.—If a tax has been duly assessed, the owner of the property becomes personally liable for it, and the remedy is not confined to a seizure and sale of it, nor to the enforcement of a lien on it by action.

IDEM—CONSTRUCTION OF THE OAKLAND CHARTER.—The twenty-second section of the Act incorporating the City of Oakland does not abridge the ordinary remedy by suit for the collection of delinquent taxes, but was intended to afford an additional, summary and effectual remedy for its collection.

APPEAL from the District Court of the Third District, Alameda County.

The case is stated in the opinion.

*A. M. Crane,* for Appellant.

*First*—We maintain that in a case like this, when the party assessed had no real estate within the City of Oakland during the year, it became and was the duty of the Tax Collector to seize and sell the personal property ; and upon any just and legal construction of the statutes upon the subject of enforcing the collection of taxes, this is the only remedy in all such cases (where the party taxed does not own any real estate within the city); and in such cases the statute gives no action or other remedy.

In support of which we invoke the aid of the following well-settled propositions:

1st—The statute allowing an action for the collection of taxes is in derogation of the common law, and must be construed strictly.    (2 Cal. 60 ; 11 *Id.* 215 ; 25 *Id.* 397.)

2d—The evident intent of the Legislature was to secure the collection of taxes by summary seizure and sale, as provided in section twenty-two, and this intent must prevail. (30 Cal. 325.)

3d—The statute creates a new right; *i. e.*, the right in the City of Oakland to levy and collect taxes, and the remedy given by statute alone can be pursued.    (7 Cal. 126.)

4th—The plaintiff's construction (that it is directory only) renders section twenty-two entirely nugatory.    It makes it mean nothing, at the option of the Tax Collector.

This is hardly consistent with the rule that in construing a statute some effect must be given, if possible, to every provision.    (1 Cal. 162; 5 *Id.* 169 ; 6 *Id.* 47 ; 22 *Id.* 11 ; 28 *Id.* 142 ; 31 *Id.* 412 ; 32 *Id.* 499.)

*Second*—The second point which defendant makes is, that this steamboat was not, in any sense, property within the corporate limits of the City of Oakland subject to taxation.

The findings show clearly enough that the steamboat was enrolled in San Francisco, belonged to a resident of San

114 CITY OF OAKLAND *v.* WHIPPLE. [Sup. Ct.

Opinion of the Court—Crockett, J.

Mateo County, and was only temporarily at anchor in San Antonio creek, and was therefore not taxable within the case of *The People* v. *Niles* (35 Cal. 282.)

*H. H. Havens,* for Respondent.

*J. F. Havens,* of Counsel.

There are two ways by law provided to enforce the payment of a tax in a case like the one now before this Court.

*First*—By seizure and sale of property *after a demand and refusal to pay the tax.* This provision is deemed directory merely, and declared to be so by the last subdivision of Sec. 37 of Act of 1862, page 349; a summary provision permitted *for the benefit of plaintiff only,* to render more certain the collection of taxes on *movable property.* (*People* v. *Seymour,* 16 Cal. 332.)

*Second*—By an action at law against persons who are delinquent in the payment of taxes, and against real estate and improvements assessed to delinquents, as provided in Sec. 33, Act of 1862, page 348.

CROCKETT, J., delivered the opinion of the Court:

This is an appeal by the defendant, on the judgment roll alone, from a personal judgment rendered against him for taxes alleged to be due to the City of Oakland. The findings are to the effect that there was duly assessed against the defendant, upon a steamboat, the taxes sued for, and that the tax is due and unpaid; that at the time of the assessment, and before and since, the defendant resided in San Mateo County and owned no real estate in the City of Oakland, nor was he assessed for any real or personal property therein, except the steamboat; that the boat in and before that year was enrolled in San Francisco, but at the time of the assessment, and during May of that year, was lying at anchor in San Antonio creek, within the corporate limits of Oakland. The findings do not disclose whether the boat was there only temporarily in the prosecution of a voyage, or for what purpose. If it had appeared that she

was only *in transitu,* or there for a mere temporary commercial purpose, the case would come fully within the principles announced in *People* v. *Niles* (35 Cal. 282); in which we held that personal property thus transiently within the county could not be there taxed; but should be taxed in the county in which the owner resided.    But in the absence of an express finding on that point, we must presume the implied findings to have been such as were necessary to sustain the judgment; and that the Court found the boat was not *in transitu,* or there for a mere temporary purpose, and was, consequently, subject to taxation, and rightfully taxed.

But the chief ground relied upon for a reversal of the judgment is, that under the Act of April 24th, 1862, incorporating the City of Oakland (Stats. 1862, p. 337), a tax upon personal property, assessed to a person who does not own any real estate in said city, cannot be enforced in a personal action against the owner, nor in any method, except by a seizure and sale of his personal property by the Tax Collector.

The argument is that Section 22 of the Act makes a seizure and sale the exclusive remedy in such a case, and that no action will lie either against the property or the owner.    That section authorizes the Tax Collector, upon the entry of an assessment upon movable property to any one who does not own real estate within the city, "to demand forthwith the payment of the taxes," and if the owner shall neglect or refuse to pay them, he shall seize sufficient personal property to satisfy the tax, and shall sell it after five days' notice.

We can perceive no foundation for the argument that this was intended to be the exclusive remedy.    Instead of abridging the ordinary remedy by suit for the collection of the delinquent tax, it was clearly intended to afford a new, summary, effectual and additional method for collecting it, in order to prevent the owner from evading the payment of it by a removal of the property.    If a tax has been duly assessed, the owner of the property becomes personally liable for it, and the remedy is not confined to a seizure and sale of it, nor to the enforcement of a lien upon it by action. (*People* v. *Seymour,* 16 Cal. 332.)

This is clearly the general principle, and we see nothing in the act under consideration to take this case out of the operation of the rule.

Judgment affirmed.