[In Bank—November 5, 1883.]

## EX PARTE JOHN BENNINGER ON HABEAS CORPUS.

CRIMINAL LAW — HABEAS CORPUS — COUNTY GOVERNMENT ACT — CONSTRUCTION. — Section twenty-two of the county government act, which went into operation on the fourteenth day of May, 1883, did not terminate a session of the board of supervisors legally commenced prior thereto, and continued from day to day until the *sixteenth* day of May, and an ordinance adopted on that day is valid.

ID. — LICENSE TAX — ORDINANCE IN RESTRAINT OF TRADE. — An ordinance establishing a license tax of twenty-five dollars per month for the sale of spirituous and fermented liquors is not void because unreasonable, oppressive, and in restraint of trade.

APPLICATION for writ of habeas corpus.

The board of supervisors of the county of San Bernardino met on May 7, 1883, at its usual place, and after transacting some business, adjourned from day to day until and including the 16th day of May, at which time the ordinance referred to in the opinion of the court was passed. The ordinance provided among other things for a license tax of twenty-five dollars per month, for the sale of spirituous liquors, and malt or fermented liquors, and wines in quantities less than one quart. The other facts are stated in the opinion of the court.

*Henry M. Willis*, and *Byron Waters*, for Petitioner.

PER CURIAM. — The petitioner is in custody under a warrant of arrest duly issued upon a complaint charging him with a violation of a certain ordinance adopted by the board of supervisors of San Bernardino County, which he claims to be void.

The ordinance is said to be void for two reasons: first, because adopted at a time when the board was not legally in session; and secondly, for the reason that it is unreasonable, oppressive, and in restraint of trade. It was adopted pursuant to the act of the legislature approved and which went into effect March 13, 1883. (Stats. 1883, p. 297.) At that time section 4032 of the Political Code read: " The regular meetings of the boards of supervisors must be held at their respective county seats on the first Mondays in May, August, November, and February of each year, and must continue from time to time until all the business before them is disposed of." . . . . Pursuant to this authority of law the board of supervisors of San Bernardino County met in regular session on the 7th day of May, 1883. Not concluding its labors on that day it adjourned until the next, and so on to and including the 16th day of May, on which day the ordinance in question was adopted. We do not understand counsel to deny that the board was legally in session on the 16th of May, unless it be that it was deprived of the power to act by reason of section 22 of the act commonly called the county government act, which it is said went into effect on the 14th of May. That section reads: " The board of supervisors must by ordinance provide for the holding of

regular meetings of the board at their respective county seats." We do not think this section put an end to the May session of the board, which was legally commenced and continued under section 4032 of the Political Code. It is not so inconsistent with the last-mentioned section as to annul a meeting legally existing at the time it went into effect. Nor do we think the provisions of the ordinance come within the rule that would justify us in declaring it void because unreasonable, oppressive, or in restraint of trade.

Writ dismissed and prisoner remanded.