[No. 11380. In Bank. — October 29, 1886.]

## COUNTY OF SAN LUIS OBISPO, Respondent, *v.* ANCEL J. HENDRICKS, Appellant.

LICENSE TAX NOT A PENALTY — STATUTE OF LIMITATIONS. — A license tax imposed by a board of supervisors upon the business of selling liquors is not a penalty, but in the nature of a debt due from the person conducting the business to the county; and an action to recover the tax is not barred within one year.

ID. — ACTION TO RECOVER TAX — PLEADING — AUTHORITY OF DISTRICT ATTORNEY NEED NOT BE ALLEGED. — The complaint in an action brought by the district attorney to collect a license tax, under an ordinance which provides that the tax collector may direct such suits to be brought, need not allege that the action was brought under an authorization by the tax collector. The district attorney, being an attorney at law, is presumed to be authorized by the proper party to institute the actions he may bring, in the absence of evidence to the contrary.

ID. — LICENSE ORDINANCE — PUBLICATION — ORDER FOR — DESIGNATION OF NEWSPAPER — COUNTY GOVERNMENT ACT. — Section 26 of the county government act of March 14, 1883, providing that an ordinance of the board of supervisors shall be published once a week in some newspaper published in the county, does not require that the board shall pass an order for the publication; if it does so, and designates in the order the newspaper in which the publication shall be made, the fact that the ordinance is published in another newspaper does not impair the efficacy of the publication, nor invalidate the ordinance.

Id. — Repeal of Act of March 13, 1883 — Ordinance not Passed at
Regular Session is Invalid. — The act of March 13, 1883, — section 4045
of the Political Code — requiring boards of supervisors to fix the rates of
county licenses on the first Monday of October in each year, was repealed
by the county government act of March 14, 1883. After the adoption
of the latter act, an ordinance of a board of supervisors establishing the
rates of county licenses, passed at a session other than a regular session,
and before the board had provided by ordinance for regular sessions, as
required by section 25 of the act, is invalid.

Appeal from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of Commissioner Searls.

*J. M. Wilcoxen, R. B. Preat, William & E. Graves,* and *J. N. Turner,* for Appellant.

*J. R. Patton,* and *V. A. Gregg,* for Respondent.

The Court. — For the reasons stated in the opinion of Department Two, judgment reversed, with directions to the court below to enter a judgment for the defendant.

Myrick J., and McKee, J., dissented.

The following is the opinion of Department Two above referred to, rendered on the 30th of June, 1886: —

Searls, C.—This is an action to recover from the defendant the sum of $150, the amount of a license for carrying on, for eighteen months from November 1, 1883, the business and occupation of selling spirituous, malt, and fermented liquors and wines in less quantities than one quart within the said county of San Luis Obispo, state of California, together with fifteen dollars damages and costs of suit.

Plaintiff had judgment, from which defendant appeals.

On the first day of October, 1883, the board of supervisors of the county of San Luis Obispo passed an ordinance taxing certain occupations, and among others the business of retailing spirituous and malt liquors, wines,

etc., at twenty-five dollars per quarter, and requiring a license to be taken out therefor.

The ordinance was ordered to be published in the Republic, a newspaper printed and published in said county, and by an order of the board, of October 9, 1883, it is recited that the ordinance was duly published.

At the time of the passage of the ordinance, there was published in said county a daily newspaper called the Daily Republic, which published a daily issue, and the same publishers at the same place printed and published a weekly newspaper called the Thursday Republic, being a separate and distinct paper from the Daily Republic.

The ordinance was published in the weekly paper.

On the 5th of February, 1885, the board of supervisors passed another ordinance, amending section 5 of article 1 of the former ordinance, so as to provide that any person who should fail, neglect, or refuse to take out a license, or who should carry on business without a license, "the tax collector may direct suit in the name of the county as plaintiff, to be brought for the recovery of the license tax, . . . . and in case of recovery by plaintiff, fifteen dollars must be added to the judgment and costs, to be collected from the defendant." Of this sum, five dollars went to the tax collector and ten dollars to the attorney prosecuting the suit.

At the date of the ordinance of October 1, 1883, the board of supervisors had not yet passed an ordinance providing for the holding of regular meetings of the board as required by section 25 of the act known as the County Government Act, approved March 14, 1883, but assumed to act under the authority of section 4045 of the Political Code, as amended March 13, 1883, the third subdivision of which section required the board of supervisors of each county, on the first Monday of October of each year, to fix the rates of county licenses.

Nor was such ordinance passed at a regular session of the board, or at a special session thereof, unless section

4045, *supra*, authorized a session thereof. for the purposes in such section indicated.

Defendant conducted the business of selling spirituous liquors, etc., in quantities less than a quart, from October 1, 1883, to May 1, 1885, without having procured a license so to do.

This action was commenced June 20, 1885; hence that portion of. the cause of action which claims license tax from November 1, 1883, to June 20, 1884, accrued more than one year before suit was brought.

The answer avers that the cause of action is barred by the provisions of subdivisions 1 and 2 of section 340 of the Code of Civil Procedure of this state.

For convenience sake we will first dispose of the question arising upon the plea of the statute of limitations.

Subdivisions 1 and 2 of section 340 of the Code of Civil Procedure relate exclusively to actions for a penalty arising either under a statute or upon an undertaking in a criminal action for a forfeiture or penalty to the people of the state.

The license tax sought to be recovered in this action is not a penalty, but in the nature of a *debt* due from the defendant to the county, or what is the same thing for present purposes, a duty devolved upon the defendant personally, which can be enforced precisely as though he had contracted with the county to pay such sum of money. (*People* v. *Seymour*, 16 Cal. 332; S. C., 76 Am. Dec. 521; *Perry* v. *Washburn*, 20 Cal. 351; *Guy* v. *Washburn*, 23 Cal. 116; *City of Oakland* v. *Whipple*, 39 Cal. 115.)

A penalty is in the nature of a punishment for the non-performance of an act or for the performance of an unlawful act, and in the former case stands in lieu of the act to be performed. Here the action is to enforce the precise duty.

The statute of limitations of one year does not therefore apply.

It is urged by appellant that as the ordinance upon which the action is based provides that "the tax collector may direct suit," etc., the complaint should have averred that the tax collector had directed the suit to be brought, and not having done so, that the demurrer should have been sustained.

There can be no doubt but that where a pleader wishes to avail himself of a statutory privilege or right given by particular facts, he must state in his complaint the facts upon which the right is founded. (*Dye* v. *Dye,* 11 Cal. 163; *Himmelman* v. *Danos,* 35 Cal. 448.)

The objection goes not to the absence of any fact constituting the cause of action, but rather to the authority to bring the suit for want of an authorization from the tax collector.

The action is instituted by the district attorney of the county,—an attorney at law and an officer of the court.

It was not necessary to state in the complaint that he was directed to bring the action. An attorney at law is presumed to be authorized by the proper party to institute the actions he brings, until the contrary is made to appear.

We see no ambiguity or uncertainty in the complaint, and are of opinion the demurrer was properly overruled.

Section 26 of the County Government Act, under which the ordinance was enacted, provides that "no ordinance passed by the board shall take effect within less than fifteen days after its passage, and before the expiration of the said fifteen days the same shall be published, with the names of the members voting for and against the same, for at least one week in some newspaper published in the county, if there be one; . . . . an order entered in the minutes of the board that such ordinance has been duly published . . . . shall be *prima facie* proof of such publication."

The essential thing to be done was to publish the ordinance in some newspaper published in the county,

if there was one, for at least one week, with the names of the members voting for and against the same.

The evident object of this provision is that notice may be imparted to the public of the nature and requirements of the ordinances which may affect their rights and interests.

The statute does not in terms require any order from the board of supervisors for the publication, and the fact that they made an order for the publication in a paper called the Republic, and that it was published in the Thursday Republic, did not in any wise weaken the force of the publication as made, or impair its usefulness as a means of information to the public.

Where, as is sometimes the case, a notice is to be given by publication in a newspaper to be designated by the party who is required to give the notice, the designation of the paper may be supposed to be submitted to his judgment, and to become an essential part of the proceedings, but no such considerations arise here.

It is next urged that "the ordinance (exhibit A) was not passed at a time when the board were holding a legal session, and was invalid, and could not be amended so as to impart any validity to it."

Section 22 of the County Government Act provides that " the board of supervisors must by ordinance provide for the holding of regular meetings of the board at their respective county seats."

The next section of the same act provides for special meetings.

Section 4045 of the Political Code, as before stated, was approved March 13, 1883, and the County Government Act on the 14th of March, 1883.

In *Ex parte Benjamin*, 65 Cal. 310, this court held that the County Government Act repealed the act of March 13, 1883, relating to license taxes, but that an ordinance of a board of supervisors, passed at a regular

session of the board after March 14th, but before the board had provided for regular sessions under the latter act, was valid.

The theory of that case is, that the County Government Act provides for an ordinance fixing the times at which regular sessions are to be held, and that until such ordinance was passed the board could continue to transact business at the regular sessions previously provided.

*Ex parte Benninger,* 64 Cal. 291, is to the same effect, substantially; though the question of repeal of the act of March 13th was not therein considered. In *Santa Clara* v. *Southern Pacific R. R. Co.,* 66 Cal. 642, it was expressly held that section 4045 of the Political Code was repealed by the County Government Act.

Ordinance A was not passed at a regular session of the board, and cannot therefore be upheld under the theory advanced in *Ex parte Benjamin, supra.* If upheld at all, it must be on the assumption that section 4045 of the Political Code, which required the board to fix the rates of county licenses on the first Monday of October in each year, was still in force. It was evidently upon this assumption that the board met and acted in passing the ordinance.

The section having been repealed, there was no authority for their meeting and action, and ordinance A was null and void.

The judgment should be reversed, and judgment entered in the court below in favor of defendant.

Belcher, C. C., and Foote, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is reversed, with direction to the court below to enter judgment for defendant.