## KIRBY V. WESTERN UNION TELEGRAPH COMPANY.

1. Section 3910, Comp. Laws, provides that "every person whose message is refused or postponed contrary to the provisions of this chapter, is entitled to recover from the carrier his actual damages, and $50 in addition thereto." The $50 recoverable under this section, in addition to the actual damages sustained by the party, is in the nature of a penalty imposed upon the carrier for a failure to comply with the provisions of the chapter therein specified.

2. The statute, as to the $50 recoverable in addition to the actual damages, being penal in its nature, must be strictly construed.

3. One seeking to recover such penalty must state specially every fact requisite to enable a court to judge whether or not he has a cause of action against the defendant, under the statute.

4. A failure to so specially allege the requisite facts will not be cured by an allegation that defendant's refusal to transmit the message tendered was "without reasonable grounds for refusing so to do." Such allegation does not state any fact, but a mere conclusion of law.

(Syllabus by the Court. Opinion filed December 20, 1893.)

Appeal from Minnehaha county court. Hon. E. PARLIMAN, Judge.

Action by Joe Kirby against the Western Union Telegraph Company to recover a penalty for breach of duty. Plaintiff had judgment, and defendant appeals. Reversed.

The facts are stated in the opinion.

*Bailey & Voorhees, (George H. Fearons, of Counsel,)* for appellant.

Section 3910, Comp, Laws, is a penal statute and must be construed strictly. Endlich on Interpretation of Statutes, Chap. 12; Sutherland on Statutory Construction, § 208. In an action to recover a penalty under the statute, the statute itself must be pleaded or the complaint must be drawn in the exact language of the statute, or else the complaint must be drawn so nearly in the exact language of the statute that the defend-

ant may be apprised, as in the case of an indictment, of the exact nature of the charge brought against him. Shaw v. Tobias. 3 N. Y. 188; Parker v. Haworth, 4 McLean, 370; Gole v. Smith, 4 Johns 193; Bigelow v. Johnson, 13 Johns, 428; Austin v. Goodrich, 49 N. Y. 266; Ferrett v. Atwill, 1 Blatch, 151; Brown v. Harmon, 21 Barb. 508; People v. Brooks, 4 Denio 469; Sears v. U. S. 1 Gall. 257; Smith v. U, S., 1 Gall. 261; Jones v. Vanzandt, 2 McLean 590; Falconer v. Campbell, 2 McLean, 195.

The respondent having refused to comply with a reasonable and lawful regulation enacted by appellant for the conduct of its business, appellant was under no obligation to carry the message in controversy.

*A. C. Boylan* and *Joe Kirby*, for respondent.

CORSON, J. This was an action originally commenced in the city justice's court of the city of Sioux Falls to recover a judgment of $61. A judgment was rendered in favor of the defendant, from which an appeal was taken to the county court of Minnehaha county, where a judgment was rendered for the plaintiff, from which judgment the defendant has taken an appeal to this court. One of the important questions presented by the record in this case was decided by this court in a case with the same title reported in 55 N. W. 759. The only question, therefore, which we shall consider on this appeal, is as to whether or not the plaintiff could recover the penalty provided by Section 3910, Comp. Laws, under the complaint in this action.

The complaint on which the case was tried in both the city justice court and the county court, to which it was appealed, is as follows: "November 21st, 1891. Case called with both parties in court, by their attorneys; F. L. Rowland attorney for plaintiff, and Bailey & Voorhees, attorneys for defendant. And plaintiff, for cause of action, complains and alleges orally that the defendant is indebted to him in the sum of sixty-one dollars as damages due from said defendant for refusing to transmit a

message from him from Sioux Falls, South Dakota, to Peter Menth, at Hartford, South Dakota, on November 16, 1891, between which places said defendant then operated a line of telegraph for the transmission of messages for hire, without reasonable ground for refusing so to do; and plaintiff therefore demands judgment in the sum of sixty-one dollars, and the costs of this action." The defendants, for answer, denied the allegations of the complaint, and denied that the plaintiff had sustained any damages whatever. Subsequently, the defendant pleaded orally certain facts as a defense to the action not necessary to be stated for the purposes of this action. The case was tried by a jury, and at the conclusion of the trial the counsel for the defendant moved the court to direct the jury to find a verdict for the defendant. This the court denied, and thereupon the counsel for the plaintiff "moved the court to direct a verdict for the plaintiff for fifty cents actual damages, together with the sum of fifty dollars damages, as provided in Section 3910, Comp. Laws. Motion sustained by the court as to the fifty dollars statutory penalty, and denied as to the fifty cents actual damages." And the court instructed the jury as follows: "I shall direct you to find a verdict of fifty dollars for the plaintiff." The jury thereupon returned a verdict for the plaintiff for that amount, upon which a judgment in favor of the plainthiff was rendered. "It was conceded that it was not necessary for the plaintiff to prove actual damages, in order to recover the statutory penalty under Section 3910, Comp. Laws." That question, therefore, is eliminated from this case.

The learned counsel for the appellant contends that while the complaint might be sufficient, at common law, to entitle the plaintiff to recover the actual damages sustained by him by reason of the failure of the defendant to transmit the message presented for transmission, it is insufficient to entitle him to recover the sum of $50 given by statute in addition to the actual damages, as that sum is in the nature of a penalty provided

by statute, and that, to entitle a party to recover such penalty, all the facts showing his right thereto must be specifically pleaded. The learned counsel for the respondent insists that the sum in addition to the actual damage is not a penalty, but that the statute is remidial, and is to be liberally construed. In support of this proposition the counsel cites Kooms v. Railroad Co., 23 Iowa 494, and two other authorities to which we do not have access. We are of the opinion that the case cited from Iowa has no application to the case at bar. It appears from that case that a statute existed giving to parties whose stock should be killed by a railroad company double damages in a case where payment had not been made within 30 days, but no fixed sum was given by the statute. The double damages were held not to be a penalty under the provisions of the statute. But under our statute a party is authorized to recover in addition to his actual damages, the specific sum of $50, and this is recoverable without regard to the amount of actual damages recovered. In the case at bar the plaintiff recovered no actual damages, but the $50 only. The language of the statute is, the plaintiff "is entitled to recover from the carrier his actual damages and fifty dollars in addition thereto." The sum of $50 seems to be no part of the actual damages, as the party is entitled to recover the actual damages without regard to the $50 which is given as an addition thereto. It is not given as costs, for costs are provided for by another statute. It would seem, therefore, that it was imposed upon the carrier as a pecuniary punishment for his failure to comply with the provisions of the statute, and becomes thereby a penalty. Bouvier defines a "penalty" as "the punishment inflicted by law for its violation," and he says: "The term is mostly applied to pecuniary punishment." 2 Bouv. Law Dict. 318. Mr. Anderson, among a number of definitions of the term "penalty," says: "It is the imposition of the payment of a sum of money, or some personal suffering." And. Law Dic. 763. In U. S. v. Choteau 102 U. S. 611, Mr. Justice FIELD, speaking of a "penalty" says:

"It involves the idea of punishment, and the character is not changed by the mode by which it is inflicted—whether by a civil or criminal prosecution" In County of San Luis Obispo v. Hendricks, 71 Cal. 245, 11 Pac. 682, the court says: "A penalty is in the nature of punishment for the nonperformance of an act, or for the performance of an unlawful act." Under any of the foregoing definitions of a "penalty" the sum recovered in this case would, in our view, constitute a penalty. For what can this sum be recovered? Clearly, for a failure to perform the duty imposed by the statute. It is not to compensate the party, as that is provided for by the recovery of his actual damages. In our opinion, therefore, the sum of $50 specified in the statute must be regarded as a penalty imposed upon the carrier for failure to comply with the provisions of the statute, and hence a party seeking to recover that sum must allege all the facts that bring the defendant within the provisions of the statute.

The statute, being penal in its character, must be strictly construed. Shaw v. Tobias, 3 N. Y. 188; Cole v. Smith, 4 Johns, 193; Bigelow v. Johnson, 13 Johns, 428; Austin v. Goodrich, 49 N. Y. 266; Ferritt v. Alwill, 1 Blatchf. 151; Brown v. Harmon, 21 Barb. 508; Suth. St. Const. C. 12.

It is a well settled rule that, in declaring for offense against a penal statute, the plaintiff is bound to set forth specifically the facts on which he relies to constitute the offense. Section 3910, under which plaintiff claimed to recover, reads as follows: "Every person whose message is refused or postponed, contrary to the provisions of this chapter, is entitled to recover from the carrier his actual damages, and fifty dollars in addition thereto." It will be observed that the language used is, "contrary to the provisions of this chapter." The chapter in which the section is found is chapter 5. Section 3882 of that chapter provides as follows: "A common carrier must, if able to do so accept and carry whatever is offered to him, at a reasonable time and place, of a kind that he [illegible]

customed to carry." It will be noticed that there is no allegation that the message was offered at a "reasonable time and place, of a kind" that the defendant undertook or was accustomed to carry as provided by that section. Again, it is provided by Section 3885 of the same chapter as follows: "A common carrier is entitled to a reasonable compensation and no more, which he may require to be paid in advance. If payment thereof is refused, he may refuse to carry." And it will be observed, in reading the complaint, that it contains no allegation that the plaintiff paid or tendered a reasonable, or any, compensation to the defendant for transmitting the message offered. Again, it is provided by Section 3908 of the same chapter that the message must be transmitted in its order, "if practicable." There is no allegation that it was practicable, at the time when the message was offered, to transmit the same. The complaint contains no allegation of any fact showing that the action was based upon, or intended to be based upon, the statute. No doubt, the better practice would be to refer to the section of the statute specifically, that the defendant might be properly apprised of the nature of the action; but, in any event, the complaint must allege all the facts required to bring the case clearly within the provisions of the statute, and show that the plaintiff has performed all the acts required of him to be performed, in order to entitle him to recover the penalty imposed by the statute. This, we have seen the plaintiff has not done, in the case at bar. In this case the court refused to direct a verdict for the actual damages proven, 50 cents, but directed the jury to find for the penalty only. This was clearly error, as the complaint was insufficient to authorize such a verdict. Looking at the complaint in this case, no one would be apprised that the action was brought to recover a statutory penalty. The only thought suggested by the complaint is that the plaintiff had sustained actual damages by reason of the refusal of the defendant to transmit the message offered, and the action was brought to

recover the same. As before stated, there is no allusion to the statute, and no sufficient allegation in the complaint that the defendant, in refusing to transmit the message, had violated any statute; and, as we have seen, the complaint does not state sufficient facts to entitle him to recover the statutory penalty.

Counsel for respondent further contends that the allegation of the complaint, "without reasonable grounds for refusing so to do," sufficiently shows that the plaintiff had performed all the acts required to be performed on his part; but we cannot so consider that allegation, if it can be called an allegation. It states no fact, but simply a conclusion of law. The facts should have been stated, and it would then have presented a question of law for the court to decide whether or not, upon the facts stated, the defendant had reasonable grounds for its refusal to transmit the message.

The respondent also insists that under the code the complaint is sufficient, as the old rules of pleading have been abrogated by the code. If it is true that all distinctions as to the forms of actions have been abolished, but the substance still remains; snd the facts constituting the cause of action must be stated as fully now as under the old common-law system of pleading, and in many cases with even more particularity than was required under that system. Judgment reversed, and a new trial ordered. All the judges concurring.