# Cases Argued and Determined

IN THE

# SUPREME COURT

OF THE

# State of South Dakota.

---

### KIRBY v. WESTERN UNION TELEGRAPH CO.

1. As the pleadings and the evidence offered thereunder constitute the only basis for a judgment, a complaint in an action to recover a statutory penalty should at least contain a reference to the statute creating such penalty, and a specification of the particular acts or omissions on the part of a defendant in violation of such statute.

2. Where a complaint contains none of these essential averments, and the evidence is confined to the question of actual damages, an instruction that, if the jury find for the plaintiff, the statutory penalty must be added to the amount of actual damages, and included in the verdict, is erroneous.

(Syllabus by the Court. Opinion filed Oct. 2, 1894.)

Appeal from Minnehaha county court. HON. E. PARLI-MAN, Judge.

Action to recover damages for failure to transmit certain telegrams. Plaintiff had judgment and defendant appeals. Reversed.

The facts are fully stated in the opinion.

*Bailey and Vorhees,* (*Geo H. Fearons,* of counsel) for appellant.

Obstructing the execution of legal process is an offense against public justice. 4 Bl. Com. 129. A telegraph company is under no obligations to contract to communicate an illegal or immoral message. Rall v. Raguet, 4 Ohio, 400; Chitty on Cont. 729; Bump. Fraud. Con. 454; Agea v. Duncan, 50 Cal. 325; Powell v. Inman, 7 N. C. 28; Goudy v. Gebhart, I. O. St. 262; Nellis v. Clark, 20 Wendell 24; Smith v. Telegraph, 84 Ky. 664; Fuller v. Daml, 18 Pick. 472; Marshall v. Baltimore, 16 How. 314; Watson v. Fletcher, 7 Grat. 1; Bryant v. Telegraph Co., 17 Fed. 825; Melchert v. Telegraph Co., 11 Fed 193; Cathan v. Telegraph Co., 9 S. E. 836; Thompson on Elec. § 353.

The mere fact that a party has voluntarily destroyed a paper will not preclude him from giving secondary evidence of its contents if the circumstances of its destruction are consistent with an honest purpose. Rice Ev. 151; Rudolph v. Lane, 57 Ind, 115; Blake v. Fash, 44 Ill. 302; The Couut Joannes v. Bennett, 5 Allen, 169; Bayley v. McMickle, 9 Cal. 430; Blade v. Noland, 12 Wend. 173; Riggs v. Taylor, 9 Wheat. 483. In order to support a verdict for statutory damages the statute under which the damages or penalties are claimed must be definitely and distinctly pleaded. Sears v. U. S 1 Gall. 257; Shaw v. Tobias, 3 N. Y. 188; Eudlich Interp. Stat. § 329; Suth. Stat. Con. § 208; People v. Brooks, 4 Denio, 469; Fish v. Manning, 31 Fed. 340; Brown v. Pond, 5 Fed. 31; Brown v. Church, 5 Fed, 41; Cross v. U. S. 1 Gall. 30; Jones v. Vanzandt, 2 Mc Lean, 630; Briscoe v. Henman, Deady. 588; U. S. v. Babson, 1 Wheat. 452.

*A. C. Boylen* and *Joe Kirby,* for respondent.

If a party fails to except to instructions in a case, they become the law of the case. Hawkins v. Hubbard, 2 S. D. 631; 51 N. W. 774. When an instrument in writing is destroyed secondary evidence can be introduced only in case there is

sufficient evidence to repel every presumption of fraudulent intent in its destruction. Blade v. Nolan, 12 Wand. 175; Briggs v. Taylor, 9 Wheat. 483. In penal suits unless a general form of declaration is expressly authorized by statute, it is sufficient to simply set forth the particular acts or omission which constitute the cause of action and by which the alleged penalty was incurred. People v. Brooks, 4 Denio. 469; 1 Chit. Bl. 405; Cole v. Smith, 4 John. 193; Bigelow v. Johnson, 13 Id. 423; Collins v. Regrew, 15 Id. 5; Avery v. Slack, 17 Wend 85. A claim for damages for a failure to send a message need not be presented to a telegraph company within sixty days where suit is brought within that time. Western Union v. Trumbell, 27 N. E. 313; Id. v. Henderson, 89 Ala. 510. A telegraph company cannot take advantage of any condition on its blanks unless the message was started from the office at which the sender delivered it for transmission. Barrill v. Telegraph Co., 42 Mo. app. 543; Western Union v. Way, 83 Ala. 542; Id. v. Dunfiled, 11 Colo. 335; Bennett v. Telegraph Co., 18 N. Y. 777.

FULLER, J. The complaint in this action states, in substance, that the defendant is a public carrier of telegraphic messages for hire; that plaintiff, on a day mentioned in the complaint, delivered to defendant three certain telegrams for transmission, which were received by defendant, who agreed to transmit them for a reasonable consideration, to be collected from the respective persons to whom such telegrams were addressed, and in the event that such persons, or any of them, refused to pay the charges at the time of delivery, plaintiff promised and agreed to pay the defendant for the dispatches so sent; that defendant never transmitted the messages, and plaintiff has been damaged thereby in the sum of $60 in each case, and demands judgment for $180, exclusive of interest and costs of this suit. There was a trial to a jury, and a verdict in favor of plaintiff, for $150.75. From a judgment entered accordingly, and an order overruling a motion for a new trial, de-

fendant appeals.   On the trial the plaintiff testified that he had sustained damages by reason of defendant's failure to transmit the three telegrams in the sum of 75 cents, and no other evidence was offered on the question of damages, concerning which the court charged the jury as follows:  "This is an action brought by Mr. Kirby, under the statute, to recover statutory damages which have resulted, or might have resulted, by reason of the failure of the Western Union Telegraph Company, the defendant herein, to transmit messages.   Our statute fixes that at $50 in each case of violation.   Here there are alleged to have been three violations, and consequently, if you find for the plaintiff, under the instructions of the court and the evidence in the case, you will be justified in bringing in a verdict for him of $150, and, added to that, twenty-five cents in each case in which you find he has sustained actual damages; that is, if you find for the plaintiff.  *  *  *  There is only one thing you can do if you find for the plaintiff.   If there is any damages at all, you must find $50 in each instance.   If you cannot find that, you must find for the defendant."   An exception to the foregoing instruction was allowed, and the giving of the same is assigned as error.

It will be observed that the complaint contains no sentence, word, or syllable on which to base a conjecture that plaintiff's right of action, or any part thereof, was predicated upon a statutory penalty, or that he desired to recover more than the actual damages sustained by reason of defendant's failure to transmit the messages.   The pleadings in an action and the evidence offered upon the issues thus raised constitute the only basis for a judgment; and, where an action is brought to recover a statutory penalty, the complaint should at least contain a reference to the statute creating and fixing such penalty, and a specification of the particular acts or omissions of the defendant which it is claimed are in violation of such statute.   The same question seems to have been presented to and decided by this court in Kirby v. Telegraph Co., 57 N. W. 202.   To the

same effect, see People v. Brooks, 4 Denio, 469; Briscoe v. Hinman, Deody, 578, Fed. Cas. No 1,887; Fish v. Manning, 31 Fed. 340; and cases there cited. Ruled by the case of Kirby v. Telegraph Co., *supra*, the error under consideration is decisive of this case, and a consideration of other questions presented by the record is unnecessary. The pleadings and evidence do not justify the instruction of which appellant complains, nor is plaintiff entitled to recover a statutory penalty thereunder. The judgment of the trial court is therefore reversed, and the case remanded for a new trial.