## UNITED STATES v. NASH et al.

(District Court, W. D. Kentucky. November 7, 1901.)

1. PENALTIES—DISTINCTION BETWEEN FINE AND PENALTY.

   While the word "penalty" has a broader meaning than the word "fine," still a fine, in a judicial sense, is always a penalty, although a penalty may sometimes not be a fine, or even a criminal punishment.

2. CRIMINAL LAW—CONSTRUCTION OF STATUTE—IMPOSITION OF "PENALTY."

   Where a statute forbids or commands certain acts, its violation constitutes a public offense, punishable as such by a criminal prosecution in the courts, notwithstanding the punishment imposed by such statute is denominated a "penalty."

3. SHIPPING — OFFENSES AGAINST NAVIGATION LAWS — OPERATING GASOLINE LAUNCH WITHOUT LICENSED ENGINEER.

   Under the provisions of Rev. St. § 4426, that no ferryboat, canalboat, yacht, or other small craft of like character, propelled by steam, shall be navigated without a licensed engineer and a licensed pilot, as amended by Act Jan. 18, 1897 (29 Stat. 489), by extending its provisions to all vessels of above 15 tons burden, carrying freight or passengers for hire, propelled by gas, fluid, naphtha, or electric motors, and Id. § 4500, which

provides that "the penalty for the violation of any provision of this title, not otherwise specially provided for, shall be a fine of $500, recovered one-half for the use of the informer," one who navigates a gasoline launch of over 15 tons burden, in the carrying of freight for hire, without a licensed engineer, is guilty of a crime, and may be indicted and prosecuted therefor, notwithstanding the provisions of sections 4496 and 4499, which authorize a proceeding in rem against the vessel by the collector or inspectors of customs for the recovery of a penalty of $500 for a violation of any of the provisions of such title.

4. SAME—OPERATING GASOLINE LAUNCH WITHOUT CERTIFICATE OF INSPECTION. Rev. St. § 4426, requiring the inspection of steam vessels, etc., as amended by Act Jan. 18, 1897 (29 Stat. 489), by making it applicable to vessels propelled by gas, fluid, or electricity, when used for carrying freight or passengers for hire, contains no provisions prohibiting an owner from running his vessel before such inspection has been made; and an indictment for navigating a gasoline launch for hire without inspection charges no offense, at least where it does not aver that any regulation prohibiting such act in respect to that class of vessels has been adopted pursuant to the authority given by statute.

Criminal Prosecution. On motion to quash indictment.

R. D. Hill, U. S. Atty.

J. B. McCormick and W. H. Watson, for defendants.

EVANS, District Judge. The first count in the indictment in this case charges, in brief, that the defendants, being the owners of a certain vessel of more than 15 tons burden, bearing the name of "R. Nash," and propelled by means of fluid and gasoline power, engaged the said vessel in freight and passenger carriage for hire to and from Louisville, Ky., and to and from other points on the Ohio river, and that while so engaged the hull, tank, and appliances for storing, generating, and applying such fluid and gasoline as its motive power were not under license or certificate of inspection as required by law, nor were said hull, tank, and appliances then, nor had they theretofore been, inspected as required by law. The second count charges the defendants with having unlawfully and knowingly navigated said vessel without having thereon, and in charge and control of its engines and machinery, an engineer duly licensed as such, as required by law. The defendants have moved the court to quash the indictment upon two grounds, namely—First, that the court has no jurisdiction of the offenses charged; and, second, that jurisdiction to punish such offenses is, by the laws of the United States, given exclusively to the surveyor of customs.

By the provisions of many enactments now grouped in title 52 of the Revised Statutes, congress has undertaken to make a comprehensive code for regulating navigation, and providing for the safety of vessels propelled by steam and other motive powers, and for the safety of the passengers and freight carried thereon, and from time to time has since improved this code by various separate amendments. The chief object of all this legislation was, of course, to secure the protection of life and property as against the many dangers naturally incident to the navigation of vessels of every character. At the time, however, of the enactment of the original legislation, steam was mainly the motive power in vogue. Later, others were introduced, and, becoming prevalent, vessels propelled by them were

embraced in certain amendments to the various sections of the Revised Statutes in the title referred to.

In some cases congress, it is contended, has authorized the imposition and collection of penalties by the surveyors of customs, and sections 4496 and 4499 are relied upon to support that view, and probably many persons subjected to such exactions have paid them without questioning the power of congress to authorize this mode of procedure. In the case now before the court it is quite unimportant to attempt definitely to determine whether congress has such power or not. The question does not necessarily arise, particularly as the two last-named sections do not seem to reach the point at issue here, but, as I am pressed to do so, I will say this much upon it. The sixth amendment to the constitution of the United States expressly provides that:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense."

This being so, I should be greatly predisposed to hold that those provisions of the legislation referred to, if fairly susceptible of the construction contended for, would be unauthorized—First, because they did not, in conformity to that constitutional principle, in any way provide for a trial by a jury of the issue of the guilt or innocence of the person accused; and, second, because it is an attempt to bestow judicial powers upon merely executive officers, and to make them at once judges, jurors, and executioners. While, therefore, I should be much disposed to so hold if the question were involved in the pending motion, I make no decision upon it, for the reason indicated.

The real question to be determined is, has this court jurisdiction of the offenses charged in the indictment? It may be said that, even if the surveyor of customs had the power to enforce the penalties prescribed for violating any law or regulation respecting such matters, it would by no means necessarily follow that the courts would not also have jurisdiction if a public offense had been committed, and especially in order to give effect to the sixth amendment to the constitution. The matter now to be decided is, does the indictment charge any public offense made punishable under the criminal law of the United States? It is essential, therefore, to inquire whether the facts stated in the indictment, if true, constitute offenses, under the laws of the United States, which are punishable through its courts. It is argued by the learned counsel for the defendant that sections 4496, 4499, Rev. St., put the matter entirely in the hands of the surveyor of customs. Those sections read as follows:

"Sec. 4496. All collectors or other chief officers of the customs, and all inspectors within the several districts, shall enforce the provisions of this title against all steamers arriving and departing."

"Sec. 4499. If any vessel propelled in whole or in part by steam be navigated without complying with the terms of this title, the owner shall be liable to the United States in a penalty of five hundred dollars for each

offense, one-half for the use of the informer, for which sum the vessel so navigated shall be liable, and may be seized and proceeded against by way of libel in any district court of the United States having jurisdiction of the offense."

He contends that the facts alleged in the indictment do not constitute public offenses punishable by the courts, not only because the matter is committed entirely to the surveyors, but also because only a "penalty" is prescribed, and in his argument he cites authorities tending to show the difference between a "fine" as such and a "penalty" as such. He says that:

"A 'fine' is defined as follows: 'In ordinary legal language, the term "fine" means a sum of money, the payment of which is imposed by a court according to law, as a punishment for a crime or misdemeanor.' 13 Am. & Eng. Enc. Law (New Ed.) p. 53, § 2. 'A fine is a pecuniary punishment imposed by a lawful tribunal upon a person convicted of crime or misdemeanor.' 1 Bouv. Law Dict. p. 786. A 'penalty' is defined as follows: 'Specifically, a penalty means a sum of money, the payment of which the law exacts by way of punishment for doing some act which is prohibited, or omitting to do some act which is required.' 13 Am. & Eng. Enc. Law (New Ed.) pp. 53, 54, § 3; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123."

From the two statutory provisions last quoted and these authorities he deduces the conclusion that, while the court can impose a "fine," it cannot inflict a "penalty," through an indictment. The court, however, is of opinion that, while the word "penalty" has a broader meaning than the word "fine," still that a fine, in the judicial sense, is always a penalty, although a penalty may sometimes not be a fine, or even a criminal punishment. For example, penalties are often inserted in bonds, official or otherwise, as a measure of damages, and the enforcement of them in no way invokes the criminal processes of the courts. Sometimes, when taxes are not paid when due, a penalty is added; but in such instances no crime has been committed, and the word "penalty" is used in a restricted sense, and does not include any idea of criminal punishment. It is rarely, if ever, made a criminal offense, by express provisions of the statutes, to omit to pay taxes at the exact time when they become due, and the enlargement of the amount of taxation which results from such failure is measured by way of interest or otherwise. While this, in a certain sense, is the infliction of a penalty, there is no provision for punishment therefor under the criminal laws. A crime is well known to be "an act committed or omitted in violation of a public law forbidding or commanding it." Bouv. Law Dict. If such law be supplemented by a provision imposing some punishment or penalty for its violation, the idea of a public offense is complete, though, of course, there are different degrees of crime, some being felonies and some misdemeanors. Bearing this definition in mind, it seems to the court that the decision of the pending question must depend upon whether the act done or omitted is made a public offense, punishable by law as such. This being, as we think, the proper test, we find that section 4426 of the Revised Statutes, as originally enacted, is as follows:

"The hull and boilers of every ferry-boat, canal-boat, yacht, or other small craft of like character, propelled by steam, shall be inspected under the provisions of this title. Such other provisions of law for the better security of

life, as may be applicable to such vessels, shall, by the regulations of the board of supervising inspectors, also be required to be complied with, before a certificate of inspection shall be granted; and no such vessel shall be navigated without a licensed engineer and a licensed pilot."

While the phraseology is somewhat peculiar, the opinion of the court is that the language of the first clause of the act of January 18, 1897 (29 Stat. 489; 2 Supp. 539), is manifestly an amendment to section 4426, Rev. St., and must, as to all cases arising after that date, be read as if it had been originally embraced in section 4426, as a part hereof. The language of that clause is as follows:

"Be it enacted," etc., "that all vessels of above fifteen tons burden carrying freight or passengers for hire, propelled by gas, fluid, naphtha or electric motors, shall be, and are hereby, made subject to all the provisions of section forty-four hundred and twenty-six of the Revised Statutes of the United States, relating to the inspection of hulls and boilers, and requiring engineers and pilots."

The explicit requirement of the statute thus amended is that "no such vessel shall be navigated without a licensed engineer and a licensed pilot," and it is a plain violation of the statute to navigate such a vessel without both a licensed engineer and a pilot. The omission to have the licensed engineer in charge and control of the boat's engines and machinery was the omission to do what a public law commanded, and comes strictly within the definition of the word "crime." If what has been indicated be the proper construction of section 4426 as amended, it seems to the court that it must necessarily be read in connection with section 4500, Rev. St., and from this it would seem to follow that, unless some other provision controls, section 4500 would be applicable, and would supply the necessary provision for the punishment of the offense charged in the second count. Section 4500 is in this language:

"The penalty for the violation of any provision of this title, not otherwise specially provided for, shall be a fine of five hundred dollars, recoverable one-half for the use of the informer."

It seems to the court that sections 4496 and 4499 in no way prevent this result, and were never intended in any way to do so.

What has been said would seem to dispose adversely of the motion to quash, so far as it applies to the second count in the indictment, and the court is clearly of opinion that this result is not and cannot be avoided by the legislative policy announced in the statute of giving one-half of the fine to the informer.

It may be added that the authorities are clear and explicit that section 4426 must, since the amendment of January 18, 1897, be read precisely as if the matter contained in that amendment had been embraced in section 4426, when originally enacted. Black, Interp. Laws, § 131; End. Interp. St. §§ 40, 294. If this be true, then section 4500, Rev. St., must inevitably supply the punishment for the willful doing of what the last clause of section 4426 has forbidden. Certainly, the judicial tribunals may enforce this as well as the other criminal laws of the United States. Indictment is the well-established proceeding for doing this as against the persons offending, whatever other course may be pursued as against the vessel itself.

We come now to the first count. Bearing in mind all that has

111 F.—34

been said, we have been unable to find, and the learned counsel for the United States have not pointed out to the court, any express provision of the statute which forbids the owners of a vessel of the character described in that count, and operated by the motive power therein mentioned, from navigating it without a license or certificate of inspection, nor for navigating it before it had been inspected. As to this, the language of section 4426, as amended, is different, and, while it does require certain acts at the hands of the officials, it does not contain an express prohibition against the running of the boat by the owner before inspection, although there is an express prohibition against navigating it without putting a licensed engineer in charge of its engines and machinery. Doubtless it was the duty of the government officials to inspect it, but I have not found any express provision forbidding the owner to navigate it previous to such performance of duty by the proper officials. Steam vessels might possibly invoke a different result, but the first count, as drawn, does not show, so far as the statutes have been brought to my attention, any violation by the owner of any law in respect to a vessel operated by fluid and gasoline as a motive power. No amendment to the statute is pointed out which, in respect to this charge, would expand the statute so as to embrace anything but vessels operated by steam, unless regulations were properly made, and none are alluded to in the count. The facts stated in the first count are not sufficient, in my judgment, to constitute a public offense, particularly in the absence of an averment that specific regulations were made and disobeyed.

It results that the motion to quash the first count should be sustained, unless the district attorney chooses to enter a nolle prosequi as to that count, but the motion to quash the second count is overruled.