ABBOTT *v.* STATE.

(*Jackson,* April Term, 1950.)

Opinion filed June 9, 1950.

Rehearing denied July 15, 1950.

HUGHIE RAGAN, of Jackson, for plaintiff in error.

J. MALCOLM SHULL, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

This is an appeal from conviction of nonsupport and order of the trial court requiring defendant to pay his wife $15 per week.

We have carefully reviewed the testimony and find that defendant's wife, Mrs. Ann Abbott, was warranted in separating from him. Mrs. Abbott's testimony that she has heart trouble and unable to earn a living, is corroborated by the testimony of the woman with whom she was rooming and boarding.

The trial judge ordered defendant to pay $80 per month for the support and maintenance of his wife, but in over-ruling the motion for a new trial he reduced this amount to $60 per month.

Defendant insists that the statute, Williams' Code, Section 11374, authorizing the trial judge to fix payments in excess of $50 violates Article 6, Section 14, of the Constitution which requires fines in excess of $50 to be fixed by the jury, and that the action of the trial judge in fixing payments in excess of $50 was error.

In *State* v. *Latham*, 136 Tenn. 30, 188 S. W. 534, this Court held that the statute in question was constitutional.

704

■ In *Poindexter* v. *State*, 137 Tenn. 386, at pages 392-393, 193 S. W. 126, at page 128, this Court, in construing a sister statute for the enforcement of support of children, pointed out the difference between a fine and a penalty, and said:

"While a fine is always a penalty, a penalty is not always a fine. *United States* v. *Nash*, D. C., 111 F. 525. A penalty when recovered ordinarily goes to the statutory beneficiaries while a fine goes to the state. *City of Hudson* v. *Granger*, 23 Miss. 401, 52 N. Y. S. 9.

"A fine is proportioned to the gravity of the offense punished, and the financial ability of a defendant to pay is not ordinarily considered. The penalty or bond exacted of a delinquent father under this act is measured by his ability to pay and the flagrancy of his offense is not taken into account."

■ Since the payments provided for by this statute and adjudicated by the trial court, are not construed as punishment, there is no merit in the assignment that the punishment fixed by the trial court is cruel and excessive.

We have considered all assignments of error and find them without merit. However, the judgment of the trial court is modified so as to retain jurisdiction of the case for a period of one year, Williams' Code, Section 11372. The case is, therefore, remanded in order that said court may, upon proper application and showing, either increase or decrease the amount of support provided in the judgment. Thus modified, the judgment is affirmed.

All concur.