183 P.2d 148

## STATE v. DICKENS.

### No. 974.

Supreme Court of Arizona.

July 7, 1947.

Rehearing Denied Aug. 1, 1947.

Eli Gorodezky, Robert E. Yount and James A. Struckmeyer, of Phoenix, for appellant.

John L. Sullivan, Atty. Gen., Perry M. Ling, Asst. Atty. Gen., and William P. Mahoney, Jr., Asst. Atty. Gen., for appellee.

UDALL, Justice.

C. Dickens, the defendant in the court below, the appellant here, a licensed airplane pilot, was informed against in the Superior Court of Maricopa County for an alleged violation of sec. 48-115, A.C.A. 1939, which charged him with the crime of flying "at such a low level as to endanger the persons on the surface beneath, * * * a misdemeanor." The case was tried before a jury and the defendant found guilty whereupon the court sentenced him to serve thirty days in the county jail and to pay a fine of $300. From the judgment of conviction the defendant has appealed seeking a review of the rulings of the court, particularly with reference to the court's refusal to dismiss the information and to direct a verdict in his favor.

The seven assignments of error raise but two propositions of law that need be considered, the first being that the information does not charge a public offense. It was drawn under sec. 48-115, A.C.A.1939, which reads as follows: "Any aeronaut or passenger who, while in flight over a thickly inhabited area or over a public gathering within this state, shall engage in trick or acrobatic flying, or in any acrobatic feat, *or shall, except while in landing or taking off, be at such a low level as to endanger the persons on the surface beneath,* or drop any object except loose water, loose sand ballast, or loose sheets of paper, shall be guilty of a misdemeanor and punishable by a fine of not more than five hundred dollars ($500), or imprisonment for not more than one (1) year, or both." (Emphasis supplied.)

Although this information was based upon the emphasized portion of the statute, the defendant contends that no offense is stated since there is no allegation in the information that he was flying "over a thickly inhabited area or over a public gathering within this state". Such reasoning overlooks the fact that four offenses are included within the statute by reason of the use of the disjunctive "or", e. g. (1) Trick or acrobatic flying over a thickly inhabited area. (2) Trick or acrobatic flying over a public gathering. (3) Flying at such a low level, except while taking off or landing, as to endanger the persons beneath. (4) Dropping of objects while in flight, except loose water, loose sand, or loose sheets of paper.

The statute is clear, certain, and unambiguous in its meaning, and, therefore, is not subject to construction. Palm-

croft Development Co. v. City of Phœnix, 46 Ariz. 200, 49 P.2d 626, 103 A.L.R. 802. It does violence to reason to connect the phrases "over a thickly inhabited area or over a public gathering", which are attached only to the first clause, to the other two clauses separated from the first by disjunctive conjunctions. The use of "or" in this manner directs that a statute should be read in the disjunctive. 50 Am.Jur., Statutes, sec. 281, p. 267. And where, in a statute, the disjunctive form is used, the various members of the sentence are to be taken separately. Wilcox v. Warren Const. Co., 95 Or. 125, 186 P. 13, 13 A.L.R. 211. There is no necessity of alleging each of the offenses included within this statute. The allegation of any one is sufficient. The information, therefore, charges a public offense.

■ Finally, defendant attempts to bolster his strained construction of this statute by claiming that any other interpretation would prohibit crop dusting by plane. The statutory words themselves dispel this contention by prohibiting low flying only when it is such "as to endanger the persons on the surface beneath".

Defendant Dickens' second proposition of law is that even if the information charges him with a public offense, still he was entitled to an instructed verdict when, at the trial, he pled immunity from state prosecution by invoking, as a matter of defense, the fact that he was amenable to criminal prosecution for the same offense by the United States. He relies upon sec. 48-121, A.C.A.1939, which reads as follows: *"Penalty for violation—Prosecution of offenses.*—A person who violates any provision of this article shall be guilty of a misdemeanor and punishable by a fine of not more than one hundred dollars ($100), or by imprisonment for not more than ninety (90) days, or both; *provided, however, that acts or omissions made unlawful by this article* (of which low flying is one) *shall not be deemed to include any act or omission which violates the laws or lawful regulations of the United States; but it shall not be necessary to allege or prove, as part of the case for the people, that the defendant is not amenable, on account of the alleged violation, to prosecution under the laws of the United States. That he is amenable to such prosecution shall be matter of defense, unless it affirmatively appear from the evidenced (evidence) adduced by the people."* (Emphasis and explanatory insert supplied.)

■ Though it goes undenied by the State that defendant properly pled his possible subjection to United States prosecution as a defense, and though federal laws do prohibit the kind of dangerous low flying indulged in by this defendant, still, the penalty provided under federal law for this offense is, we believe, a *civil one;* while Arizona's immunity statute, as we read it, contemplates immunity from State prosecution only in the event of the possibility of *criminal prosecution* by the United States.

That this is the import of our immunity statute, sec. 48-121, A.C.A.1939, is not only clear from a reading of the words themselves, but is tacitly admitted by the line of defendant's argument, and never denied.

More specifically, the Civil Aeronautics Board set up by the Federal Government is empowered to issue rules and regulations to aid in carrying out its duties as prescribed by the Federal Civil Aeronautics Act, 49 U.S.C.A. § 425. 49 U.S.C.A. § 551(a) (7), being a part of this Act, makes it the duty of this Board to prescribe air traffic rules governing flight altitudes; and once such rules are made, it is unlawful to violate them. 49 U.S.C.A. § 560(a) (5). Such rules were, in fact, promulgated under the title of Civil Air Regulations, sec. 60.-105(b) of which prohibits, among other things, flight over noncongested areas at altitudes less than 500 feet (with certain exceptions not here applicable).

 The difficulties here revolve, in part, around the nature of the federal penalty for such violation. 49 U.S.C.A. § 622(a) provides:

*"Criminal Penalties*

"(a) Any person who knowingly and willfully violates any provision of this chapter *(except subchapters V, VI, and VII),* or any order, rule, or regulation issued under any such provision * * * for which no penalty is otherwise herein provided, shall be deemed guilty of a misdemeanor and upon conviction thereof shall be subject for the first offense to a fine of not more than $500, and for any subsequent offense to a fine of not more than $2,000. If such violation is a continuing one, each day of such violation shall constitute a separate offense." (Emphasis supplied).

That part of the Act which makes it the duty of the Board to issue regulations governing flight altitudes, 49 U.S.C.A. § 551(a) (7), is found in subchapter VI of the Act, the violations of which are specifically exempted from criminal penalties by 49 U.S. C.A. § 622(a), quoted supra, but are subject, instead, to civil penalties by the specific provisions of 49 U.S.C.A. § 621(a) set forth, in part, below:

*"Civil Penalties*

"(a) Any person who violates (1) any provision of subchapters V, VI, and VII of this chapter * * * shall be subject to a civil penalty of not to exceed $1,000 for each such violation * * *"

Defendant artfully contends that the exemption from criminal penalty extends to the provisions in the three subchapters but not to the rules and regulations issued under the authority derived therefrom. Such a strained construction of this exemption would all but nullify its effect and does not merit refutation. Defendant further attempts to bolster his case by reference to 49 U.S.C.A. § 425(a), falling under subchapter II of the Act, which, in general terms, gives the Board power to issue rules appropriate to the carrying out of its duties. Then, by claiming that the rules in regard

to flight altitudes might have been promulgated under this section of the act, defendant contends that such rules are, therefore, not exempt from criminal penalties. But it is a well-settled rule of statutory construction that the specific controls over the general, State v. Lumbermen's Indemnity Exchange, 24 Ariz. 306, 209 P. 294, and, therefore, it is only reasonable to assume that these rules were adopted in pursuance of the more specific statute directing that the Board regulate air flight altitudes. 49 U.S.C.A. § 551(a) (7), found in subchapter VI.

■■■ Finally, defendant points out that 49 U.S.C.A. § 647(b) (which describes the method by which actions for violations of the Civil Aeronautics Act shall be instituted) says, in effect, that for all violations of the Act it shall be the duty of any United States District Attorney to prosecute. And reasoning therefrom, defendant maintains that he is subject to such prosecution. It is true that the words "to prosecute" and "prosecution" usually have reference to criminal proceedings, United States v. Reisinger, 128 U.S. 398, 9 S.Ct. 99, 101, 32 L.Ed. 480. And as used in sec. 48-121, A.C.A.1939, it undoubtedly has that meaning for this Arizona statute (exempting those liable to federal prosecution from State action) specifically makes any violation of the Arizona Aeronautics Code a misdemeanor, subjecting those found guilty to the possibility of both imprisonment and a fine. The effect of this statute is then,

that should a person be liable to federal *criminal* prosecution, the State will not take action. But, "to prosecute" can also mean to follow up or carry forward a judicial action, civil or criminal. Black's Law Dictionary, 3d Ed., 1450, 1451; Wall v. Chesapeake & O. Ry. Co., 290 Ill. 227, 125 N.E. 20, 23. And it is in this sense that it is used in 49 U.S.C.A. § 647(b) upon which defendant relies which states that: "Upon the request of the Board, it shall be the duty of any district attorney of the United States to whom the Board may apply to institute in the proper court and to prosecute under the direction of the Attorney General all necessary proceedings for the enforcement of the provisions of this chapter or any rule, regulation, requirement, or order thereunder * * *."

Therefore, the above-quoted section of the Federal Civil Aeronautics Act is of no help in determining whether in contemplation of federal law this offense is civil or criminal. Instead, we must look to 49 U.S.C.A. §§ 622 and 621 which impose punishments for violations of the Federal Civil Aeronautics Act, titled "criminal" and "civil penalties", respectively. Sec. 622 thereof, imposing the "criminal penalties", in addition to labeling the penalty "criminal", characterizes the pecuniary part of the punishment as a "fine". Section 621, however, under which the action against this defendant would be classified, not only is titled "civil penalties", but it characterizes the pecuniary punishment as a "civil

penalty". As Justice LaPrade so ably pointed out in Frazier v. Terrill, Ariz., 175 P.2d 438, "fine" ordinarily refers to a criminal penalty. The use of the word "fine" in the one, and its absence in the other federal statute reinforces our view that in federal contemplation the offense here charged only subjects the offender to a civil action. And as our Arizona statute makes this same offense criminal, and contemplates immunity from state action only should the accused be subject to federal criminal action, the defendant has no valid defense on this score. The trial court did not err in refusing to instruct a verdict of not guilty.

 The State contends that the Arizona Aeronautics Act contains contradictions and ambiguities, and for this reason is subject to construction by reference back to the legislative journals, etc. And, by use of such reference back, the State maintains that the legislature never intended the exemption statute, sec. 48-121, A.C.A.1939, to apply to the offense of low flying as set forth in sec. 48-115, A.C.A.1939. Further, the State contends that sec. 48-113, A.C.A.1939, which says that "all crimes, torts, and other wrongs committed by or against an aeronaut or passenger while in flight over this state shall be governed by the laws of this state" conflicts with 48-121, A.C.A.1939, which gives immunity from state action to those whose offenses subject them to criminal action by the United States. It is fundamental that every part of a statute must be given meaning and effect if it is possible so to do. Arizona Eastern R. Co. v. Matthews, 20 Ariz. 282, 180 P. 159, 7 A.L.R. 1149. And here this is wholly possible and thoroughly reasonable. What the legislature has said in our statutes is: (1) Low flying so as to endanger persons on the surface beneath is a crime, sec. 48-115, A.C.A. 1939. (2) That although all air torts, crimes, wrongs shall be governed by Arizona law, sec. 48-113, A.C.A.1939; still, it shall be the law of Arizona that when such offense subjects the wrongdoer to criminal prosecution by the United States, the State will not take action. There is no ambiguity or contradiction here that justifies reference to the legislative history or our Act.

Finally, having concluded that the information charged the defendant with the commission of a public offense under the laws of Arizona, and that he was not amenable to criminal prosecution under the laws of the United States, we have no occasion to consider the constitutionality of sec. 48-121, A.C.A.1939, which the state contends is an unlawful attempt by the legislature to limit the jurisdiction of the superior court in so far as violations of our aeronautical code is concerned.

Judgment affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.