THE COURT.
 

 The defendant has appealed from the judgment sentencing her to pay a fine of $10. A $1.00 “Education Penalty” was also imposed. We are affirming the judgment.
 

 The People had but one witness who testified that the de
 
 *899
 
 fendant had, as charged, failed to make a boulevard stop. The defendant, contending that she had made a stop, endeavored on cross-examination, to inquire of the officer as to some events that immediately followed her failure to stop. She was advised by the trial court that if she wished to question the officer about any happening subsequent to her entry into the intersection she would have to make him her witness; it would be improper under cross-examination.
 

 It was error to so limit the cross-examination. Had his greeting of the defendant, as he overtook her to make the arrest, been inconsistent with his testimony, evidence of the fact could not be made unless, when a witness, the officer had been interrogated about it (Code Civ. Proc., §2052), and he need not be questioned as the defendant’s witness, but on cross-examination. His credibility as a witness and the weight to be given his testimony might also be the better evaluated because of events surrounding the arrest.
 

 Thwarted in her cross-questioning, the defendant made no offer of proof. We mention this, not as an answer to her complaint about the ruling, but by way of leading up to the fact that the defendant, when a witness, either testified to the various matters that she had endeavored to elicit from the officer, or indicated a desire to do so, and none of them served to aid her. She testified that the officer greeted her with the statement: “You did not stop, did you?” This is not a statement inconsistent with the officer’s testimony, nor can it be reasonably interpreted as a showing that he was uncertain about the fact and was trying to find out from the defendant whether she had or had not made a stop. None of the other events arising subsequent to her entry into the- intersection (after a stop, she insisted) cast any doubt upon the officer’s credibility. In other words, the error discussed above appears not to be prejudicial; a reversal of the judgment is not warranted because of it.
 

 It does not affirmatively appear from the record that the trial judge, who was trying the case without a jury, viewed the premises. If he did, however, he was requested so to do by the defendant and when he indicated that he was going to do so, alone, she made no objection. She is in no position, now, to complain that she was not present when the view was made (if it was made).
 
 (People
 
 v.
 
 White
 
 (1912), 20 Cal.App. 156, 159-160 [128 P. 417].)
 

 As already noted, a penalty of $1.00 was added to the fine of $10 imposed upon the defendant. Statutory author
 
 *900
 
 ity for this penalty is found in section 773, added to the Vehicle Code in 1953, reading, so far as of interest to this ease: “To reimburse the General Fund for amounts appropriated therefrom for driver training pursuant to section 5153.6 of the Education Code, on and after January 1, 1954, there shall be levied a penalty assessment on all offenses involving a violation of a section of this code . . . relating to the operation of motor vehicles, except offenses relating to parking or registration, in the following amounts: ... (2) Where a fine is imposed ... $1 for each $20 of fine, or fraction thereof. ” The defendant earnestly contends that this legislation is in volation of the state and federal Constitutions, because it is limited in its application to violators of the Vehicle Code and not to misdemeanants generally. We see no reason to doubt that the Legislature, although it has determined that misdemeanors, generally, may be punished by fines up to $500 (Pen. Code, § 19) has power to provide a different scale of punishment for violations of the Vehicle Code, including a minimum fine that must be imposed under certain circumstances, as it has done in section 762 and 502 of that code. This power is not exhausted by its use, but the Legislature may, as it has done in sections 773, add a penalty that must be imposed in addition to that provided elsewhere. No constitutional provision is violated by calling the penalty a penalty assessment and not a fine, nor by making use of the fund so collected for a particular public purpose.
 

 The judgment is affirmed.