[Civ. No. 21407.   Second Dist., Div. Three.   July 6, 1956.]

THOMAS B. SAWYER, Appellant, v. GEORGE J. BARBOUR et al., Respondents.

Thomas B. Sawyer, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Howard S. Goldin and Martin M. Ostrow, Deputy Attorneys General, Harold W. Kennedy, County Counsel (Los Angeles), and Wilcox R. Stoddard, Deputy County Counsel, for Respondents.

VALLÉE, J.—On this appeal plaintiff challenges the constitutionality of section 773 of the Vehicle Code which, before its amendment in 1955, read:

"To reimburse the General Fund for amounts appropriated therefrom for driver training pursuant to Section 5153.6 of the Education Code,[1] on and after January 1, 1954, there shall be levied a penalty assessment on all offenses involving a violation of a section of this code or of a city or county ordinance, relating to the operation of motor vehicles, except offenses relating to parking or registration, in the following amounts:

"(1) Jail sentence without fine .........$1

___

[1] Section 773 was enacted by the passage of A.B. 3491 in 1953. (Stat. 1953, ch. 1878, § 1.) A.B. 3491 referred to section 5153.6 of the Education Code which was to have been added to that code by A.B. 1840. A.B. 1840 was amended in the Senate and section 5153.6 was changed to 5154.5. Through inadvertence A.B. 3491 was not amended to the same effect. In 1955 section 773 was amended so that it refers to section 5154.5 of the Education Code. It will not be necessary to decide whether the effectiveness of section 773 depended on a section known as 5153.6 being enacted in 1953.

"(2) Where a fine is
imposed ........$1 for each $20 of fine, or fraction
thereof.

"(3) If sentence is
suspended .......$1 if jail only, otherwise based on
the amount of the fine levied,
as in subsection (2).

"(4) If bail is forfeited..$1 for each $20 of bail, or fraction
thereof.

"(5) Where multiple of-
fenses are in-
volved ..........The penalty assessment shall be
based on the total fine or bail
for all offenses, or $1 for each
jail sentence.

"When a fine is suspended, in whole or in part, the penalty assessment shall be reduced in proportion to the suspension.

"When any deposit of bail is made for an offense to which this section applies, the person making such deposit shall also deposit a sufficient amount to include the penalty assessment prescribed in this section for forfeited bail. If bail is forfeited, the amount of such penalty assessment shall be transmitted by the clerk of the court to the county treasury and thence to the State Treasury pursuant to this section.

"After a determination by the court of the amount due, the clerk of the court shall collect the same and transmit it to the county treasury. It shall then be transmitted to the State Treasury to be deposited in the General Fund. The transmission to the State Treasury shall be carried out in the same manner as fines collected for the State by a county."[2]

On January 22, 1954 plaintiff was charged with having violated section 577, subdivision (a) of the Vehicle Code, failing to stop at a sign-posted crosswalk, and section 250, subdivision (a), driving without a license. He pleaded not guilty. Bail was set at $5.00 and the clerk demanded an additional $1.00 pursuant to section 773, which plaintiff paid under protest. The suit is to recover $1.00. Judgment was for defendants, from which plaintiff appeals.

---

[2]Section 773 of the Vehicle Code provides no procedure to enforce the payment of the penalty assessment beyond directing the clerk of the court to collect it. There is no provision for an alternate penalty, such as a jail sentence, if the assessment is not paid. Section 773 at one time during its legislative history contained a provision that a defendant could be imprisoned for failure to pay the assessment. The provision was specifically rejected by the Legislature by amendment of A.B. 3491 in the Senate.

Plaintiff's claim is that section 773 contravenes these provisions of the Constitution: article I, section 6, prohibiting excessive bail and fines; article I, section 11, providing that all laws of a general nature shall have a uniform operation; article I, section 21, providing that no citizen or class of citizens shall "be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens"; and article IV, section 25, prohibiting special laws in the following cases: regulating the practice of courts of justice (subd. Third), for the assessment or collection of taxes (subd. Tenth), in all other cases where a general law can be made applicable (subd. Thirty-third).

Our duty is, of course, if possible, to so construe the statute as to uphold its constitutionality: to harmonize the statute with the Constitution. Every presumption is in favor of its validity.

It is first asserted in support of the constitutionality of section 773 that the penalty assessment constitutes bail. We think not. The sole purpose of bail in criminal cases is to ensure the personal attendance of the defendant on the court at all times when his attendance may be lawfully required. (*Ex parte Duncan*, 54 Cal. 75, 77; Black's Law Dict., 2d ed.) There should be no suggestion of revenue to the government, nor punishment to the surety. (*People* v. *Calvert*, 129 Cal.App.2d 693, 698 [277 P.2d 834]; *County of Los Angeles* v. *Maga*, 97 Cal.App. 688, 692 [276 P. 352]; *General Casualty Co.* v. *Justice's Court*, 41 Cal.App.2d 784, 788 [107 P.2d 663].)

Various connotations have been accorded the term "bail." Strictly speaking, bail is the person in whose custody the defendant is placed when released from jail and who acts as surety for the defendant's later appearance in court. The term is also used to refer to the undertaking by the surety into whose custody the defendant is placed that he will produce the defendant in court at a stated time and place. (Pen. Code, § 1269; 7 Cal.Jur.2d 541, § 2.) The popular meaning of "bail" is simply that it is "[t]he security given for the due appearance of a prisoner in order to obtain his release from imprisonment." (Webster's New Inter. Dict., 2d ed.) When used in this sense, bail can mean either cash or bond. The courts of this state recognize that bail may have this broad meaning. (*In re McDonough*, 27 Cal.App. 2d 155, 162 [80 P.2d 485]; 7 Cal.Jur.2d 542, § 2; Pen. Code,

§§ 1295-1298, 1458; Veh. Code, §§ 737.1, 739. See *Rodman* v. *Superior Court,* 13 Cal.2d 262, 267 [89 P.2d 109].)

Sections 737.5, 738, and 739 of the Vehicle Code state the law pertaining to admitting to bail a defendant who has violated that code. The first two sections merely say that the defendant shall be released on bail. Section 739, subdivision e, states that when a person is arrested for a misdemeanor violation of the Vehicle Code or for a violation of local ordinances relating to traffic offenses, the magistrate, on the filing of a duplicate copy of a notice to appear, "[i]f bail has not been previously fixed and approved by the judges of the court in accordance with a schedule of bail, . . . shall fix the amount of bail which in his judgment . . . will be reasonable and sufficient for the appearance of the defendant. . . . The defendant may prior to the date upon which he promised to appear, deposit with the magistrate or the person authorized to receive a deposit of bail the amount of bail thus set." (See Pen. Code, § 1295.)

Section 737.2 of the Vehicle Code authorizes preparation by the magistrates in each county of a schedule of the amount of bail to be set for the release of prisoners charged with misdemeanor violations of the Vehicle Code when taken before clerks of magistrates and jail custodians.[3] Section 737.1 says that the clerks of magistrates and jail custodians "shall admit him [a defendant] to bail in accordance with a schedule, fixed as provided in Section 737.2." No mention is made in these two sections that the schedule of bail is to include a penalty assessment. The procedure followed is to determine from the schedule how much bail the arrested person must post and then to add the penalty assessment. The statute says the person making a deposit of bail "shall also deposit" the penalty assessment. The total sum deposited includes the bail and the penalty assessment, but the bail does not include the penalty assessment. ■ The penalty assessment is in addition to the bail; it does not constitute, and is not included in, the deposit of bail.

■ Plaintiff asserts the penalty assessment is a tax; de-

---

[3]Section 737.2 in part reads: "Every six months there shall be held a meeting of the magistrates in each county having jurisdiction over misdemeanor violations of this code at which a schedule of the amount of bail to be set for the release of persons charged with such violations when taken before a clerk of a magistrate or an officer in charge of a county jail, city jail or other place of public detention as provided in Section 737.1 shall be adopted, approved, or revised by the majority vote of such magistrates. . . ."

fendants, that it is a fine. We have concluded it is a fine.
█ A fine is a pecuniary punishment imposed on a person convicted of a criminal offense. (*People* v. *Sutter Street R. Co.*, 129 Cal. 545, 548 [62 P. 104, 79 Am.St.Rep. 137]; *Petersen* v. *Civil Service Board*, 67 Cal.App. 70, 75 [227 P. 238].)
█ A penalty is, at times, a punishment for the performance of an unlawful act. (*County of San Luis Obispo* v. *Hendricks*, 71 Cal. 242, 245 [11 P. 682].) █ Legislatures frequently use the term "fine" and the term "penalty" synonymously. (*Weideman* v. *State*, 55 Minn. 183 [56 N.W. 688, 689]; *United States* v. *The Strathairly*, 124 U.S. 558 [8 S.Ct. 609, 31 L.Ed. 580, 583]; *United States* v. *Nash*, 111 F. 525, 527-528; *United States* v. *Birmingham Trust & Sav. Co.* (5 Cir.), 258 F. 562, 564 [169 C.C.A. 502]; *State* v. *Galveston, H. & S. A. R. Co.*, 100 Tex. 153 [97 S.W. 71, 78]; *State* v. *Dickens*, 66 Ariz. 86 [183 P.2d 148, 152]; *Hanks* v. *Shreveport Yellow Cabs*, (La. App.) 187 So. 817, 819; *McHugh* v. *Placid Oil Co.*, 206 La. 511 [19 So.2d 221]; *State* v. *Rose*, 78 Kan. 600 [97 P. 788, 789]; *State* v. *Liggett & Myers Tobacco Co.*, 171 S.C. 511 [172 S.E. 857, 865]; 36 C.J.S. 781, § 1; Colo.Rev.Stat. 1953, ch. 13, art. 4, § 132(5).) █ The term "penalty" in its broadest sense includes all punishment of whatever kind, and in the broad sense it is a generic term which includes fines as well as all other kinds of punishment. (36 C.J.S. 781, § 1.)

A statute of North Carolina provided that "any person convicted pursuant to this section [unlawful parking] shall be subject to a penalty of $1.00." In *State* v. *Rumfelt*, 241 N.C. 375 [85 S.E.2d 398], the court held (85 S.E.2d 400):

"When we consider the words 'fine' and 'penalty' as used in G.S. § 20-176, and the word 'penalty' as used in G.S. § 20-162.1, it is clear that the General Assembly considered and used the word 'penalty' in G.S. § 20-162.1 as equivalent to the word 'fine', and imposed the payment of $1 for a violation of its criminal law. This $1 was exacted of the defendant who was found guilty by a jury of a misdemeanor.

"The word 'penalty' has many different shades of meaning. In *Huntington* v. *Attrill*, 146 U.S. 657 [13 S.Ct. 224, 227, 36 L.Ed. 1123], it is said: 'In the municipal law of England and America, the words "penal" and "penalty" have been used in various senses. Strictly and primarily, they denote punishment, whether corporal or pecuniary, imposed and enforced by the state for a crime or offense against its laws.' "

█ The penalty assessment is an exaction imposed as

punishment for an unlawful act. It is laid on conviction, or on forfeiture of bail which is equivalent to a conviction. (Veh. Code, §§ 294, 744.) In the event of acquittal it is returned. ■ ''No mere exercise of the art of lexicography can alter the essential nature of an act or a thing; and if an exaction be clearly a penalty it cannot be converted into a tax by the simple expedient of calling it such.'' (*United States* v. *La Franca*, 282 U.S. 568 [51 S.Ct. 278, 75 L.Ed. 551, 555].)

■ The fact that the penalty assessment is imposed by the Legislature itself does not differentiate it from a fine.

■ The amount of a fine may be fixed by law or left in the court's discretion. (*People* v. *Perini*, 94 Cal. 573, 574 [29 P. 1027] ; *People* v. *Hess*, 104 Cal.App.2d 642, 685 [234 P.2d 65] ; *State* v. *Addington*, 143 N.C. 683 [57 S.E. 398, 399, 11 Ann.Cas. 314] ; *State* v. *Rumfelt*, 241 N.C. 375 [85 S.E.2d 398, 400] ; *City of Buffalo* v. *Neubeck*, 209 App.Div. 386 [204 N.Y.S. 737, 738] ; 36 C.J.S. 781, § 1.) ■ Nor does the fact that it is imposed for violations of county and city ordinances relating to the operation of motor vehicles make it any the less a fine. In the field of traffic violation the state law prevails over local ordinances. (*Pipoly* v. *Benson*, 20 Cal.2d 366, 369 [125 P.2d 482, 147 A.L.R. 515].)

■ Section 773 is a valid direction that all fines levied for the offenses it covers shall be increased accordingly, whether the offenses be violations of state laws or local ordinances.

■ Nor does the fact that section 773 provides that the fines shall be used for a specific public purpose, or the fact that fines collected for violations of county and city ordinances go to the state and not to the county or city, affect the validity of the statute. ■ It is common practice for the Legislature to provide for the disposition of fines to funds other than those of a county or city.[4]

■ There is no prohibition against imposing any number of penalties for an offense so long as they do not constitute cruel and unusual punishment and are not *ex post facto.*

---

[4]Fines imposed for violations of the Medical Practice Act are divided between a county and the contingent fund of the Board of Medical Examiners, Bus. & Prof. Code, § 2455; fines imposed for violations of the Fish and Game Law are divided between a county and the state Fish and Game Preservation Fund, Fish & G. Code, § 48; fines imposed pursuant to the Insurance Code are deposited in the state insurance fund, Ins. Code, § 12974; fines for certain Labor Code violations are deposited in the state general fund, Lab. Code, §§ 355, 409; fines for violations of laws relating to employment of minors are divided between school funds of a county and the state general fund, Lab. Code, §§ 1305, 1310. Also see Bus. & Prof. Code, §§ 1719, 4252.

(*People* v. *Durrant,* 119 Cal. 201, 209 [51 P. 185].) ▆ The imposition of a jail sentence and a fine does not violate the Constitution. (*People* v. *Boren,* 139 Cal. 210, 214 [72 P. 899] ; *People* v. *Phillips,* 30 Cal.App. 31 [157 P. 1003, 1005].) We know of no limitation on the power of the Legislature to measure the amount of the deposit by the amount of bail set, and none is advanced.

▆ We do not construe section 773 as requiring a person charged with an offense covered thereby to deposit the penalty assessment in cash when he is admitted to bail on an undertaking with sureties. To do so might impair the right to bail on sufficient sureties in violation of article I, section 6, of the Constitution.[5] Section 773 says: ''When any deposit of bail is made for an offense to which this section applies, the person making such deposit shall also deposit a sufficient amount to include the penalty assessment prescribed in this section for forfeited bail.'' ▆ We read ''deposit of bail'' as meaning deposit of cash or deposit of an undertaking with sufficient sureties. ▆ If a person charged with an offense covered by section 773 deposits an undertaking, he may include the amount of the penalty assessment in the undertaking or deposit the amount in cash.

▆ We are in accord with the statement of the Appellate Department of the Superior Court of Los Angeles County in *People* v. *Aronow,* 130 Cal.App.2d Supp. 898, 900 [279 P.2d 840] :

''We see no reason to doubt that the Legislature, although it has determined that misdemeanors, generally, may be punished by fines up to $500 (Pen. Code, § 19) has power to provide a different scale of punishment for violations of the .Vehicle Code, including a minimum fine that must be imposed under certain circumstances, as it has done in section 762 and 502 of that code. This power is not exhausted by its use, but the Legislature may, as it has done in sections 773, add a penalty that must be imposed in addition to that provided elsewhere. ▆ No constitutional provision is violated by calling the penalty a penalty assessment and not a fine, nor by making use of the fund so collected for a particular public purpose.''

---

[5]Article I, section 6, reads: ''All persons shall be bailable by sufficient sureties, unless for capital offenses when the proof is evident or the presumption great. Excessive bail shall not be required, nor excessive fines imposed; nor shall cruel or unusual punishments be inflicted.''

838

We find no basis for the contention that section 773 imposes an excessive fine. The courts will not hold a fine excessive within the constitutional prohibition unless there is a conflict between the enactment of the Legislature and the Constitution. (15 Am.Jur. 186, § 551.) There is no such conflict here.

Plaintiff asserts that whether the penalty assessment be considered as a tax or as a fine, it violates the provisions of the Constitution we have mentioned. The provisions of the Constitution requiring all laws of a general nature to have uniform operation, prohibiting the granting of special privileges and immunities, prohibiting the enactment of special laws in particular cases, do not prevent classification by the Legislature or require that statutes operate uniformly with respect to persons who are in fact different. (11 Cal.Jur.2d 717, § 272.) A statute meets the constitutional requirements if it relates to and operates uniformly on the whole of a single class properly selected. (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 620, 639-640 [91 P.2d 577]; *Ray* v. *Parker,* 15 Cal.2d 275, 283 [101 P.2d 665].) A law which subjects to equal burdens persons similarly situated with respect to that law is an equal law. (*Watson* v. *Division of Motor Vehicles,* 212 Cal. 279, 284 [298 P. 481].)

A law is general when it applies equally to all persons embraced in a class founded on some natural, intrinsic, or constitutional distinction. It is special if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right on a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. (*Serve Yourself Gas. Stations Assn.* v. *Brock,* 39 Cal.2d 813, 820 [249 P.2d 545].) The prohibition against special legislation does not preclude classification, but only requires that the classification be reasonable. (*Id.*) A legislative determination as to what is a sufficient distinction to warrant a classification will not be overthrown unless it is palpably arbitrary. (*California Physicians' Service* v. *Garrison,* 28 Cal.2d 790, 802 [172 P.2d 4, 167 A.L.R. 306].) It must be clear beyond reasonable doubt that no sound reason for the classification exists. (*Fraenkel* v. *Bank of America,* 40 Cal.2d 845, 849 [256 P.2d 569].) The generality of a statute does not depend on the number within or without the class it purports to affect, as

plaintiff argues. (*People* v. *Sullivan*, 60 Cal.App.2d 539, 545 [141 P.2d 230].)

The Legislature may classify on the basis of the nature of the circumstances attending the commission of an offense considered in its relation to the public welfare. (*Selowsky* v. *Superior Court of Napa County*, 180 Cal. 404, 409 [181 P. 652]; *People* v. *Casa Co.*, 35 Cal.App. 194 [169 P. 454]; *In re Todd*, 44 Cal.App. 496, 505 [186 P. 790].) Another permissible basis of classification is the status of the offender. (11 Cal.Jur.2d 767, § 300.) The Legislature has constitutional power to fix different penalties for different crimes, the penalty in each case measured by the nature of the crime and its effects on society. (*People* v. *Dawson*, 210 Cal. 366, 370 [292 P. 267]; *People* v. *Henshaw*, 76 Cal. 436 [18 P. 413].)

Section 773 applies to all offenses involving a violation of the Vehicle Code or of a county or city ordinance relating to the operation of motor vehicles except offenses relating to parking or registration. The classification is a reasonable one. There is a manifest intrinsic distinction between violations by persons operating motor vehicles and violations relating to parking and registration. The statute was enacted as an urgency measure. In stating the urgency, the Legislature said: "Every year in California there are more than 3,000 people killed and many thousands injured as a result of traffic accidents. One of the most successful means of reducing traffic accidents and deaths is to secure the proper training of drivers of automobiles. The only method now available of training any large number of our drivers in the safe operation of automobiles is in our public schools. . . . The immediate passage of this act is therefore necessary for the public safety." (Stats. 1953, vol. 2, ch. 1878, p. 3667.) The distinction between the persons covered and all other persons furnishes reasonable cause for, and makes appropriate, the classification.

Section 773 is a general, not a special law. It has a rational foundation, and does not contravene any of the provisions of the Constitution assigned by plaintiff.

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 30, 1956.