[Civ. No. 499. Fifth Dist. Apr. 22, 1965.]

ALBERT FISCHLER, Plaintiff and Appellant, v. MUNICI-
PAL COURT FOR THE NEWPORT BEACH JU-
DICIAL DISTRICT OF ORANGE COUNTY, Defendant
and Respondent; THE PEOPLE, Real Party in Interest
and Respondent.

David R. Cadwell for Plaintiff and Appellant.

Kenneth Williams, District Attorney, and Everett W. Dickey, Deputy District Attorney, for Defendant and Respondent and Real Party in Interest and Respondent.

CONLEY, P. J.—Albert Fischler was convicted in the Municipal Court of the Newport Beach Judicial District in Orange County on November 13, 1962, of violation of section 21801, subdivision (a) of the Vehicle Code, which then read as follows: "The driver of a vehicle intending to turn to the left at an intersection shall yield the right of way to any vehicle which has approached or is approaching the intersection from the opposite direction and which is so close as to constitute a hazard at any time during the turning movement."

He was fined by the judge of the municipal court in the sum of $40, and the court further ordered that he attend traffic school in compliance with the authorization in section 42001 of the Vehicle Code, and that he should file a certification of completion of the school on or before January 7, 1963. That code section provides the amount of the fine or imprisonment for violation of various specified sections of the Vehicle Code, including section 21801, subdivision (a) and it further provides: "In addition to imposing any other punishment authorized by this section, the court may require any person convicted of a misdemeanor described in this section involving a traffic violation to attend a traffic violators' school for not more than 12 hours for instruction in the operation of a motor vehicle consistent with the provisions of this code."

The conviction was affirmed on appeal.

The defendant attended one session of the school and then abandoned all apparent attempts to complete the course, because he thought that his constitutional rights were infringed by the court's direction with respect to attendance. It appears that the traffic school in question is conducted at the Orange Coast College in Costa Mesa pursuant to the college adult education program. The course comprises four consecutive weekly lectures by Lt. Raymond M. Healey, an officer of the Costa Mesa Police Department; they are given on Wednesday evenings and Saturday mornings and a defendant may designate his preference as to dates. Lt. Healey prepares the course syllabus which is submitted to the Dean of the Adult School of the Orange Coast College for approval, a copy being also

presented to the municipal court. It is claimed that Lt. Healey otherwise makes the basic decision as to what to teach in the course and the specific manner of proceeding; he possesses a "D" teaching credential issued as a vocational credential by the State of California.

After the failure of the defendant to follow the court order, the trial judge in effect continued the requirement to complete the traffic school course to a later date, and fixed a time for filing a certificate of completion; he also indicated to the defendant that unless he did comply he would be subject to a proceeding for contempt of court. This necessity of completing the traffic court course was subjected to another appeal, which was disposed of through dismissal by the Appellant Department of the Superior Court of Orange County.

A writ of prohibition directed to the municipal court to prevent the enforcement of the judgment relating to attendance at traffic school was denied by the superior court; and this appeal was filed.

The question presented is whether or not the trial judge was correct in denying the application for a writ of prohibition, which the appellant prayed to have issued against the Municipal Court for the Newport Beach Judicial District and its incumbent judge to prevent any further action relative to the completion of the course at the traffic school.

In the first place, the appellant contends that the order of the court requiring enforced attendance at the traffic school is void and that a failure on his part to comply could not properly lead to a proceeding in contempt of court; he urges that the trial court's order requiring attendance at the traffic school abridges the freedom of speech and assembly guaranties of the Constitutions of the United States and of California. (U.S. Const., Amends. I, XIV; Cal. Const., art. I, §§ 9, 10.) He advances the argument that the guaranties of free speech and assembly encompass ". . . the right to be free *from* speech. . . . " No contention is made that the requirement to attend traffic school is a "cruel and unusual punishment." (U.S. Const., Amends. VIII, XIV.)

Analysis demonstrates that the appellant has not been ordered to accept any of the views of Lt. Healey, or to hold the same opinions about the traffic laws which the teacher may mention in his lecture; neither is he compelled to submit to the opinions of others nor to yield to anyone the quiet enjoyment of his own views. In this connection, there is no question but that the state has the right, with reasonable ex-

ceptions, to compel minors to attend public school (see *People* v. *Turner*, 121 Cal.App.2d Supp. 861 [263 P.2d 685]; *In re Shinn*, 195 Cal.App.2d 683, 694 [16 Cal.Rptr. 165]). No one imposes upon a child the necessity of holding the same opinions as the teacher. However, attendance is required and the same situation is created by the court's sentence to go to traffic school. No one has said that the appellant here has to believe any thing, but the court, pursuant to the express provisions of the Vehicle Code, has the right to require that he attend the school.

With the wisdom of the Legislature in enacting the provision, or the wisdom of the particular judge in resorting to it without exacting a promise from the defendant to attend the school or without making attendance a condition of probation, we have nothing to do, as matters of that kind are for the Legislature and for the trial judge. It is unquestionably true that the acquisition of knowledge is normally accompanied by a free election on the part of the learner to benefit by his opportunity. This fact is evidenced by the peasant wisdom incorporated in the saying: ''You can lead a horse to water, but you can't make him drink.'' Unwilling students are never good learners.

But our problem is simply to decide whether or not the Legislature had the power to add the penalty of required attendance at a traffic school as a punishment for the violation of certain sections of the California Vehicle Code; and whether or not the judge could enforce the section as against real or fancied negations contained in our Constitutions. The answer is positively ''Yes,'' particularly in view of modern theories of rehabilitation of offenders and the almost universal operation of motor vehicles in the complex of modern life.

Thousands of people are killed and injured every year by the failure to operate motor vehicles legally and circumspectly. Presumably violators of the law are in need of instruction as to what the statutes provide, and it is reasonable that in such circumstances attendance at a traffic school be required even against the wishes of the offender. As pointed out in *Sawyer* v. *Barbour*, 142 Cal.App.2d 827 [300 P.2d 187], the existence of the traffic problem requires legislation fitted to the needs of the public. No one has a right to drive a car on California highways in any manner that he pleases. Driving is a privilege awarded to him only after he passes the proper tests, after he acquires a car which apparently is mechanically safe, and after such car has been properly licensed for such

operation. If a person does not wish to risk being sentenced to attend traffic school, he does not have to drive, or, on the other hand, he may obey the traffic laws; in any event, he need not put himself in a situation where the Vehicle Code section could apply.

It is next contended that as the traffic school is not a branch of the court, or under its direct supervision with respect to the subject matter and the manner of teaching, the sentence is too uncertain to be enforceable. We do not share this view. The Dean of the Adult School of Orange Coast College, or the Dean of Instruction of Orange Coast College, would have the right to supervise the class; such a dean, representing the president of the college and the governing board of the district, would have authority to approve or disapprove the syllabus, to visit the class, and to control its administration in the same way as he could legally supervise classes in history, English, or business. As pointed out previously, the sentenced offender is not required to entertain any views; he is simply exposed to education for the good of the community and for his own reformation.

The judgment discharging the alternative writ and denying the application for a peremptory writ of prohibition is affirmed.

Brown (R. M.), J., and Stone, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 16, 1965.