[Civ. No. 29717. First Dist., Div. Two. Jan. 17, 1972.]

KIRBY J. HENSLEY et al., Plaintiffs and Appellants, v.
PEACE OFFICERS TRAINING FUND et al.,
Defendants and Respondents.

## COUNSEL

Peter R. Stromer and Robert H. Gonzales for Plaintiffs and Appellants.

Evelle J. Younger, Attorney General, Edward P. O'Brien and Gloria F. DeHart, Deputy Attorneys General, for Defendants and Respondents.

## OPINION

**TAYLOR, P. J.**—Plaintiffs (K. J. Hensley and J. G. De La Rosa) appeal from an order sustaining without leave to amend the demurrer of defendants (Peace Officers Training Fund and Treasurer of the State of California), and dismissing plaintiffs' class action complaint, seeking a refund of penalty assessments added pursuant to Penal Code section 13521 to fines imposed on plaintiffs after conviction of certain offenses. Plaintiffs contend that: 1) Penal Code section 13521 is unconstitutional on its face as the classifications therein are arbitrary and capricious; 2) the statute is unconstitutionally void for vagueness; 3) the statute was unconstitutionally applied to them and forced them to pay penalty assessments that exceeded the statutory maximum fines authorized by law; and 4) the defense of sovereign immunity is not available in an action seeking relief from an unconstitutional statute.

On an appeal from an order sustaining a demurrer, the facts are as alleged in the complaint: Plaintiff Hensley was convicted of a violation of Education Code section 29007, a misdemeanor, and sentenced to pay a fine of $500, the maximum specified by Education Code section 29019. Plaintiff De La Rosa was convicted of a violation of Penal Code section 241, a misdemeanor, and sentenced to pay a fine of $700, although the maximum authorized by statute is $500 (Pen. Code, § 241). Pursuant to Penal Code section 13521, a penalty assessment of $125 was added to Hensley's fine; and $175 to De La Rosa's. Plaintiffs filed this action after they unsuccessfully sought to obtain a refund of the penalty assessments from defendants. The complaint sought a refund of the penalty assessments

paid by plaintiffs and all others similarly situated, as well as a writ of prohibition staying all further penalty assessments pursuant to Penal Code section 13521.

Penal Code section 13521, added by Statutes of 1959, chapter 1823, section 2, page 4334, provides: "On and after September 18, 1959, there shall be levied a penalty assessment in an amount equal to five dollars ($5) for every twenty dollars ($20), or fraction thereof, of every fine, penalty, and forfeiture imposed and collected by the courts for criminal offenses, other than a fine, penalty, or forfeiture for an offense included within the penalty assessment provisions of Section 42050 of the Vehicle Code, an offense expressly exempted from the penalty assessment provisions of Section 42050 of the Vehicle Code, or a violation of the Fish and Game Code. Where multiple offenses are involved, the penalty assessment shall be based upon the total fine or bail for all offenses. When a fine is suspended, in whole or in part, the penalty assessment shall be reduced in proportion to the suspension.

"When any deposit of bail is made for an offense to which this section applies, the person making such deposit shall also deposit a sufficient amount to include the assessment prescribed in this section for forfeited bail. If bail is forfeited, the amount of such assessment shall be transmitted by the clerk of the court to the county treasury and thence to the State Treasury pursuant to this section. If bail is returned, the assessment made thereon pursuant to this section shall also be returned.

"After a determination by the court of the amount due, the clerk of the court shall collect the same and transmit it to the county treasury. It shall then be transmitted to the State Treasury to be deposited in the Peace Officers' Training Fund.[1] The transmission to the State Treasury shall be carried out in the same manner as fines collected for the state by a county.

"In any case where a person convicted of any offense to which this section applies is imprisoned until the fine is satisfied, the judge may waive all or any part of the penalty assessment the payment of which would work a hardship on the person convicted or his immediate family."[2]

■ Plaintiffs first argue that Penal Code section 13521 is unconstitutional on its face as it denied them equal protection of the law. They cite

[1]Penal Code section 13520 provides: "There is hereby created in the State Treasury a Peace Officers' Training Fund, which is hereby appropriated, without regard to fiscal years, exclusively for costs of administration and for grants to local governments and districts pursuant to this chapter."

[2]The 1970 amendments (Stats. 1970, ch. 1009, §§ 1, 5) are not pertinent to the issues on appeal.

*In re Antazo,* 3 Cal.3d 100 [89 Cal.Rptr. 255, 473 P.2d 999], wherein the application of the statute to a convicted indigent defendant was held unconstitutional on grounds of equal protection.[3] But plaintiffs have not alleged indigency to bring themselves within the holding of *Antazo.* Rather, they urge that the classification of the statute excepting certain sections of the Vehicle Code and Fish and Game Code are arbitrary and capricious.

We are in accord with the statement of the Appellate Department of the Superior Court of Los Angeles County in *People* v. *Aronow,* 130 Cal.App.2d Supp. 898, 900 [279 P.2d 840]: "We see no reason to doubt that the Legislature, although it has determined that misdemeanors, generally, may be punished by fines up to $500 (Pen. Code, § 19) has power to provide a different scale of punishment for violations of the Vehicle Code, including a minimum fine that must be imposed under certain circumstances, as it has done in section 762 and 502 of that code. This power is not exhausted by its use, but the Legislature may, as it has done in sections 773, add a penalty that must be imposed in addition to that provided elsewhere. No constitutional provision is violated by calling the penalty a penalty assessment and not a fine, nor by making use of the fund so collected for a particular public purpose." *Aronow* thus upheld the constitutionality of Vehicle Code section 773 (now Veh. Code, § § 42050-42052) which then imposed a penalty assessment of $1 and allocated the penalty for Driver Education Training.

Subsequently, in *Sawyer* v. *Barbour,* 142 Cal.App.2d 827 [300 P.2d 187], the same Vehicle Code section was again challenged on constitutional grounds of excessive fine, unreasonable classification and special legislation. ██ The court, citing *Aronow,* rejected these arguments in language particularly pertinent here: "The provisions of the Constitution requiring all laws of a general nature to have uniform operation, prohibiting the granting of special privileges and immunities, prohibiting the enactment of special laws in particular cases, do not prevent classification by the Legislature or require that statutes operate uniformly with respect to persons who are in fact different. [Citation.] A statute meets the constitutional requirements if it relates to and operates uniformly on the whole of a single class properly selected. [Citations.] ██ A law which subjects to equal burdens persons similarly situated with respect to that law is an equal law. [Citation.]

---

[3]*McDermott* v. *Superior Court* (Cal.App.) 97 Cal.Rptr. 171, wherein this court (Division Four) on August 30, 1971, declared unconstitutional the application of Penal Code section 13521 to bail, was granted a hearing by the Supreme Court and there argued on December 6, 1971.

"A law is general when it applies equally to all persons embraced in a class founded on some natural, intrinsic, or constitutional distinction. It is special if it confers particular privileges or imposes peculiar disabilities or burdensome conditions in the exercise of a common right on a class of persons arbitrarily selected from the general body of those who stand in precisely the same relation to the subject of the law. [Citation.] ▮ The prohibition against special legislation does not preclude classification, but only requires that the classification be reasonable. . . .

"A legislative determination as to what is a sufficient distinction to warrant a classification will not be overthrown unless it is palpably arbitrary. [Citation.] It must be clear beyond reasonable doubt that no sound reason for the classification exists. . . .

"The generality of a statute does not depend on the number within or without the class it purports to affect, as plaintiff argues. [Citation.]

"The Legislature may classify on the basis of the nature of the circumstances attending the commission of an offense considered in its relation to the public welfare. [Citations.] Another permissible basis of classification is the status of the offender. [Citation.] ▮ The Legislature has constitutional power to fix different penalties for different crimes, the penalty in each case measured by the nature of the crime and its effects on society. [Citations.]" (Pp. 838-839.)

Penal Code section 13521 applies to all criminal offenses except those covered by Vehicle Code section 42050 (discussed above) and violations of the Fish and Game Code. As indicated in *Sawyer* v. *Barbour, supra,* the Legislature has the power to fix different penalties for different offenses. The Fish and Game Code and Vehicle Code violations are sufficiently different in character to justify the legislative distinction and are subject to fines and penalties suitable to their character (e.g., Fish & G. Code, div. 9, Fines and Penalties, § § 12000-12014, 12150-12165). The distinctions in Penal Code section 13521 between the persons covered and all other persons furnishes reasonable cause for and makes appropriate the classification.

The classifications are reasonable and no not deprive plaintiffs of equal protection of the law.[4] Our conclusion is supported by the United States

---

[4]We note that in *People* v. *Watson,* 15 Cal.App.3d 28, 45 [92 Cal.Rptr. 860], the court, without discussion, held that the penalty assessment imposed pursuant to Penal Code section 13521 did not deny equal protection of the law to a defendant convicted and fined for a conflict of interest in violation of Government Code section 1090. The *Watson* court cited *People* v. *Norman,* 252 Cal.App.2d 381 [60 Cal.Rptr. 609], wherein this court (Division One) at page 399, rejected a contention that Penal Code section 13521 violated the prohibitions against bills of attainder on the federal and state Constitutions.

Supreme Court's recent dismissal for want of a substantial federal question (No. 744, *Young* v. *Florida*, 400 U.S. 962 [27 L.Ed.2d 381, 91 S.Ct. 366] an appeal from *State* v. *Young* (Fla. 1970) 238 So.2d 589) sustaining the statute authorizing an assessment of $1.00 as a court cost against every person convicted for violation of a penal or criminal statute or a municipal code or county ordinance, except parking violations, against contentions of unconstitutionality on grounds of separation of powers and taxation.

Plaintiffs next contend that Penal Code section 13521 is unconstitutionally void for vagueness, namely, the last sentence of the first paragraph: "When a fine is suspended, in whole or in part, the penalty assessment shall be reduced in proportion to the suspension." Plaintiffs maintain that it is not clear from the above provision whether the penalty assessment is eliminated or reduced when a fine is suspended on appeal. We cannot agree. The sentence clearly indicates that the penalty assessment is suspended when the fine is suspended and reduced when the fine is reduced.

Plaintiffs further assert that Penal Code section 13521 as applied to them deprived them of equal protection of the law as with the added penalty assessments, the total fines imposed on them exceeded the maximum amount authorized by law. We need not discuss this contention in detail as plaintiffs should have raised any questions concerning the constitutionality of a penalty or penalty assessment in the direct appeal from the criminal proceedings in which they were convicted (*People* v. *Collins*, 97 Cal.App.2d 552 [218 P.2d 87]; *People* v. *Majado*, 22 Cal.App.2d 323 [70 P.2d 1015]). The record indicates that one of these proceedings was, in fact, appealed unsuccessfully. Even assuming without conceding that the matter can be properly raised in this proceeding, plaintiffs' contentions are disposed of by our above discussion of the power of the Legislature to fix penalty assessments in addition to the maximum fines set by particular provisions. We hold that Penal Code section 13521 is constitutional on its face, as well as in its application to plaintiffs.

In view of this conclusion, we need not discuss the arguments relating to the defense of sovereign immunity.

Affirmed.

Kane, J., and Rouse, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied March 30, 1972.