THE STATE OF MONTANA ON THE RELATION OF JAMES OLESON, COUNTY ATTORNEY OF FLATHEAD COUNTY, MONTANA RELATOR, *v.* THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD, AND THE HONORABLE ROBERT C. SYKES, DISTRICT JUDGE, RESPONDENTS.

No. 11427.
Submitted February 2, 1968.  Decided March 12, 1968.
438 P.2d 560.

H. James Oleson, County Atty. (argued), Charles Secrest (argued), Kalispell, Donald D. MacPherson, Helena, for relator.
Maurice A. Maffei (argued), Butte, for respondents.

MR. JUSTICE CASTLES, delivered the Opinion of the Court.

This is an original proceeding brought by James Oleson, County Attorney of Flathead County, Montana, hereinafter referred to as the relator, against the Honorable Robert C. Sykes, District Judge of the Eleventh Judicial District, hereinafter referred to as the respondent.

The petition seeks a Writ of Mandate, or other appropriate remedy, to compel the respondents to enter an order levying a $1,000 fine upon Ronal Montrose Dingley, for the violation of a statute prohibiting the driving of an overweight truck upon the highways of this state.

We issued an Alternative Writ returnable on February 1, 1968. Respondents filed a motion to quash the alternative writ and to dismiss the petition.

The facts of this case are as follows: Ronal Montrose Dingley, the driver of a logging truck, was charged with driving that vehicle when its gross weight exceeded the maximum gross weight allowed it by statute by some 28,000 pounds. The information was filed on November 20, 1967. After some delay, Defendant Dingley appeared through counsel and pled guilty. Judge Sykes, for reasons which do not appear in the record, fined the defendant $200.

The offense pled guilty to is a violation of section 32-1123, subd. (4), R.C.M.1947. That statute governs the weight, height and width of various types of vehicles driven upon the highways of this state. The portion of the statute relevant to the violation charged here is as follows:

"(c) The gross weight of any vehicle or combination of

vehicles, where the distance between the first and last axles of the vehicle or combination of vehicles is more than eighteen (18) feet, shall not exceed that set forth in the following table of weights: * * *

"41 . . . 72,000."

(The first figure refers to length in feet between first and last axles; the second to the maximum allowable weight in pounds.)

A violation of the foregoing statute is made a misdemeanor by section 32-1124.

Penalties for a violation of this statute are provided in section 32-1125, which reads:

"Any person, firm or corporation shall be punished by a fine of not less than fifteen dollars ($15.00) nor more than fifty dollars ($50.00), excepting as provided below, or by imprisonment in the county or municipal jail for not less than five (5) days nor more than twenty-five (25) days. Any person, firm, or corporation convicted of the offense of operating a motor vehicle upon the public highways of this state with weight upon any wheel, axle or group of axles, or upon more than one thereof greater than the maximum permitted by section 32-1123, and acts amendatory thereto, shall be fined *in addition to and not in substitution for any and all penalties now provided* by law for such offense, the following amounts: * * *

"One thousand dollars ($1,000.00) for any excess weight more than twenty-five thousand (25,000) pounds."

The sole question presented by this petition and the motion to quash is whether the district judge had any discretion as to whether or not to levy the $1,000 fine once it was found that the truck in question was more than 25,000 pounds excessively overweight.

In his petition to quash the alternative writ or mandamus, respondents contend (1) that the statute in question makes it discretionary whether the judge must levy the fine, or (2) if the statute does not leave the judge any discretion as to wheth-

er or not to levy this additional fine, then it is unconstitutional either in that it results in double jeopardy, or that it is an excessive fine and therefore cruel and unusual punishment.

We hold that the respondent's contentions are without merit. The statute is constitutional, and it was obligatory for the judge to levy a $1,000 fine for the particular violation involved.

The meaning of the above statute is clear. The first sentence provides the penalty for any violation of section 32-1123. It allows the judge a certain amount of discretion in deciding whether the penalty should be in the form of a fine or a jail sentence. It also sets certain minimum and maximum limits on these penalties.

The second sentence provides for an additional penalty in the form of a fine when the violation involved is one of the maximum weight requirements. These fines increase in proportion to the amount the vehicle exceeds its weight limit. These additional penalties are, however, obligatory. They must be imposed by the judge in addition to any penalty imposed under the first sentence.

That this is the correct interpretation of this statute is made clear not only by the language of the statute itself, but also by certain legislative action in regard to amendments to the statute.

The use of the wording, "shall be fined in addition to and not in substitution for any and all penalties now provided for by law for such offenses" indicates the intent of the legislature that these fines should be obligatory.

Some historical background is in order. In May of 1967, two applications for original jurisdiction were made to this Court in Causes 11330 and 11331, from the Fourth Judicial District in and for the County of Lake. The identical question was presented,in that District Judge Emmet Glore imposed fines of $50 where excessive weights of 31,720 pounds and 43,530 pounds were charged and a guilty plea entered. In those two

cases, the records of this Court reveal that the District Judge deliberately ignored section 32-1125, suggesting to counsel that the matter should be settled by the Supreme Court. We declined jurisdiction, without prejudice in orders dated May 17, 1967, mainly because a period of time from December 30, 1966, to May 17, 1967, did not indicate diligence or a lack of an adequate remedy at law or that the question was then moot. Interestingly, defense counsel in those cases, later in the 1967 Session of the Legislature as a State Senator introduced legislation to amend section 32-1125 as will be developed. This background is set forth to indicate the public interest involved.

The intent of the Legislature that this fine be made obligatory is further indicated by the defeat in the Legislature of an amendment to this section.

This proposed amendment was Senate Bill No. 125. It was introduced on January 19, 1967. It appears on Page 98 of the Senate Journal for that session. It was transmitted to the House on February 9, 1967, where it was killed on the second reading. See House Journal pages 488 and 636-7, and Senate Journal 515.

The effect of this proposed amendment was not only to eliminate altogether the $1,000 fine for overweight in excess of 25,000 pounds, but to give to the trial judge great discretion in deciding the amount of the fine. The upper limit of the fine increased in proportion to the amount the vehicle was overweight, but this still left the judge free to set the minimum fine, ten dollars.

The rejection by the Legislature of an amendment which would have had the effect of giving the district judges great discretion in setting the amount of the fine indicates that the Legislature felt that the fines to be levied should be obligatory, the system which was in effect before the proposed amendment.

Respondent's second contention that the statute is unconstitutional if, as we have interpreted it to be, it compels the judge to levy the additional $1,000 fine is also without merit.

It seems obvious that a district judge who accepts a guilty plea cannot later defend his own actions by claiming unconstitutionality. However, we shall briefly discuss the issue.

Respondent presented two objections to the constitutionality of this statute. He argues first that if the statute compels the judges to levy a general fine for a violation of the statute, plus an additional fine for violation of the overweight provisions, then the statute violates Article III, § 18, of the Montana Constitution, which bars double jeopardy.

This statute does not place the defendant in jeopardy twice for the same crime. It merely makes more severe the penalties for certain gross violations.

■ This also answers respondent's argument that the statute in question violates section 94-4701, R.C.M.1947, which states that when an action or omission is punishable under different provisions of the Code, punishment may be had under only one of them. The defendant would not be punished under different provisions of the code, but would merely be punished more severely for certain gross violations of the same section than for others.

We cannot hold, either, that the statute is unconstitutional in that the fine imposed is excessive, and thus contrary to the provisions of both the Federal and State Constitutions barring cruel and unusual punishment. Apparently this argument assumes that gross overweight trucks do little damage or are not dangerous. The Legislature has spoken clearly, and we have no reason to question their actions.

■ In light of the above discussion, the district judge had a clear duty to levy the $1,000 fine in addition to the other fine which the statute compelled him to levy. His failure to do so was in excess of his jurisdiction.

MR. CHIEF JUSTICE JAMES T. HARRISON and Mr. JUSTICES ADAIR and JOHN C. HARRISON, concur.

· MR. JUSTICE HASWELL did not participate.