STATE ex rel. TOM SANDERS, on Behalf of himself and
all other Persons similarly situated, Relators and Re-
spondents, v. CITY OF BUTTE, a municipal corporation,
Respondent and Appellant, and FORREST H. ANDER-
SON, Attorney General of the State of Montana, Inter-
venor and Appellant.

No. 11367.
Submitted April 3, 1968. Decided April 30, 1968.
Rehearing Denied June 17, 1968.
441 P.2d 190.

Forrest H. Anderson, Michael T. Greely, Asst. Atty. Gen.
(argued), Helena, William Geagan, (argued), Butte, for re-
spondent and appellant.

McCaffery & Peterson, John L. Peterson, (argued), Butte, for relators and respondents.

MR. JUSTICE CASTLES, delivered the Opinion of the Court.

This is an appeal from a judgment in favor of the relator granting a Writ of Prohibition against the City of Butte to prohibit the collection of the penalty provided by Chapter 226, Laws of Montana 1965. The penalty provision is for the "earmarked" driver education fund.

The relator was arrested by a police officer of the City of Butte for violation of a "stop-sign" ordinance. Under Section 10-7-4 of the 1959 Municipal Code of Ordinances of the City of Butte a violation of the stop sign ordinance is a misdemeanor with a fine not to exceed $300.00 or imprisonment not to exceed 90 days or both. Relator was required to post a $2.50 bail, and over his objection was required to post an additional sum of $2.00 for a penalty assessment pursuant to the provisions of Chapter 226, Laws of 1965, codified as R.C.M.1947, sections 75-5304(1) and 75-5305.

Subsequently the relator sought a Writ of Prohibition to prohibit the collection by the City of Butte of the fine or penalty. The State of Montana was made a party in intervention to the action. The issue was joined and the trial court made Findings of Fact and Conclusions of Law in favor of the relator which resulted in the judgment for a Writ of Prohibition prohibiting the collection of the penalty assessment.

As the suit for a Writ of Prohibition went to issue, after joinder of the State of Montana acting through the Attorney General, the issues were broadened to include the collection of "penalty assessments" on fines collected as well as the penalty assessment on bail as such. The Writ of Prohibition was sought by relator on his own behalf and as a class action for others similarly situated.

Upon the return of the City of Butte, and upon subsequent hearings, it was shown that a sum of over $10,000 had been

collected by the City of Butte in the earmarked funds and further that the City of Butte had not remitted the sum collected to the State Treasurer.

The district court made findings and conclusions as follows:

"1. That certain youth of this State are excluded from the offer of a course in driver education and therefore denied the means to develop a knowledge of the motor vehicle laws, denied the means of an acceptance of personal responsibility on the public highways, and denied the means of developing an understanding of the causes and consequences of traffic accidents, and, finally, denied the means to secure training in the skills necessary for the safe operation of motor vehicles.

"2. That the penalties imposed are different in the various counties and therefore are not uniform.

"3. That the penalties imposed by cities are not uniform in comparison with those imposed in counties.

"4. That no fine or penalty as provided by this Act may be assessed where the violator's sentence or fine is suspended.

"5. That the jurisdiction of Justice Courts would be increased above $500.00.

"6. That the jurisdiction of the Police Court would be increased above $300.00.

"7. That relators are entitled to their fees and costs."

The Court concluded as follows:

"1. That Chapter 226, Laws of Montana, 1965, known and designated as Chapter 53, sections 75-5301 to 75-5309, inclusive, R.C.M.1947, as amended, is unconstitutional as being a violation of Article V, Section 26, of the Constitution of Montana, as being a violation of Article VIII, Section 26, of the Constitution of Montana; and as being a violation of Section 94-4916, R.C.M.1947, together with being a violation of City ordinances limiting the jurisdiction of the Police Court to $300.00.

"2. That relators have judgment for fees and costs."

The issues on appeal can be broadly stated as the constitutionality of Chapter 226. The specifications of error go to the

Conclusions of Law above; but in the respondent's brief and the appellant's reply brief the constitutional issues are enlarged. We do not propose herein to elucidate all constitutional issues presented, nor shall we comment directly on the findings of the trial court.

We shall repeat what this case is. The relator was released on $2.50 *bail* only if he posted an additional $2.00 "penalty assessment". Trial of the charge of violating the "stop sign" ordinance has not been had.

The authority for this is the following language in R.C.M. 1947, section 75-5305: "When any deposit of bail is made for an offense to which section 4 [75-5304] applies, the person making the deposit shall also deposit a sufficient amount to include the penalty assessment for forfeited bail."

R.C.M.1947, section 75-5304 provides in part:

*"Driver education account established—penalty assessments and license proceeds credited to account.* (1) There is hereby established an automobile driver education account in the earmarked revenue fund. There shall be levied and paid into this account a penalty assessment, in addition to the fines or bail forfeitures, on all offenses involving of a state statute or a city ordinance relating to the operation or use of motor vehicles, except offenses relating to parking of vehicles, in the following amounts:

"(a) Where a fine is imposed, two dollars ($2) for each twenty dollars ($20) of fine, or fraction thereof.

"(b) If bail is forfeited, two dollars ($2) for each twenty dollars ($20) of bail, or fraction thereof.

"(c) Where multiple offenses are involved, the penalty assessment shall be based on the total fine or bail forfeited for all offenses. Where a fine is suspended, in whole or in part, the penalty assessment shall be levied in accordance with the fine actually imposed. * * *"

It is clear, then, that we are concerned with bail. And, fur-

ther, that we are concerned with a "penalty assessment" based upon $2 for each $20 of bail or fraction, thereof.

To determine what this "penalty assessment" on bail is for, we look to Chapter 226, Laws of 1965, which is codified as sections 75-5301 to 75-5309. Chapter 226 is entitled, "An Act to Provide for Driver Education; Prescribing Certain Penalty Assessments and Driver's License Fees for the *Financing Thereof;* Creating an Automobile Driver Education Account in the Earmarked Revenue Fund; Providing for the Duties of the Superintendent of Public Instruction; Providing for the Reimbursement to School Districts and County High Schools Qualifying Under This Act; Amending Section 31-114, R.C.M.1947; Amending Section 1, Chapter 149, Laws of 1961, Compiled as Section 94-801.2, R.C.M.1947; Amending Section 32-1131, R.C.M. 1947; and Providing a Severability Clause." (Italics supplied.)

Pursuing further, section 1 provides the purpose as: "It is the purpose of this act to provide the *financial assistance* necessary to enable the board of trustees of any county high school or any district maintaining a secondary school which includes grades ten (10) to twelve (12) inclusive to offer a course in driver education and by that means to develop in the youth of this state a knowledge of the motor vehicle laws, an acceptance of personal responsibility on the public highways, and an understanding of the causes and consequences of traffic accidents. The course in driver education shall further provide to the youthful drivers of this state training in the skills necessary for the safe operation of motor vehicles." (Italics supplied.)

A definition of bail appears in R.C.M.1947, section 95-1101, enacted by the 1967 Legislature, effective January 1, 1968, as follows: "Bail is the security given for the purpose of insuring the presence of the defendant in a pending criminal proceeding." The Criminal Law Commission comment to the bail section reads: "The object of this section is to clearly set out the purpose of bail and to discourage the use of the

bail mechanism for any other purpose, such as, preventive detention or a 'taste of jail' ". While this section, 95-1101, was not effective at the date of this alleged offense, it is a traditional concept of bail.

Chief Justice Marshall, while sitting as a Circuit Judge in Virginia in the year 1813, stated the traditional theory of bail and the principle that forfeitures are not designed to enrich the state. United States v. Feely, 25 Fed.Cas.No.15,082, pp. 1055, 1057.

Analyzing further then, it would seem that a "penalty assessment" on bail is simply, when considered with its purpose, a tax on the right to bail, the revenue being earmarked for high school driver education.

In the instant fact situation, $2.50 is the security to insure the presence of the defendant while an 80% tax, or $2.00, is added. Regardless of well meaning phrases or most desirable purposes, it is an unreasonable toll, tax fee, penalty, assessment, or what have you on a man's liberty. As such it is a deprivation of due process under Art. III, Sec. 27, of the Constitution of Montana. Section 75-5305 is unconstitutional.

As we said earlier in this opinion, the issues in this case were broadened from the facts as to a penalty assessment on bail to include the penalty assessment on fines as set forth in section 75-5304.

We observe that we are not here concerned with just the matter of an increased fine or an additional fine. In State ex rel. Oleson v. District Court, 151 Mont. P. 12, 438 P.2d 560, 25 St.Rep.166, we discussed this problem.

Art. III, Section 24, provides:

"Laws for the punishment of crime shall be founded on the principles of reformation and prevention, * * *."

The state, appellant here, argues that the penalty assessment is a criminal fine imposed for the commission of an unlawful act and not a revenue measure. This is ordinarily the case, but here, in the context of the purpose of the act and

with the emphasis placed upon bail and bail forfeiture, it would cause one to blindly follow the rule that "every presumption in favor of constitutionality shall be indulged." (City of Billings v. Nore, 148 Mont. 96, 417 P.2d 458.) From our previous discussion of bail, it seems clear that the statute is primarily designed as a revenue and financing measure for a most worthy cause.

However, we believe even more serious is Art. V, section 23. Section 23 provides: "No bill * * * shall be passed containing more than one subject, which shall be clearly expressed in its title; but if any subject shall be embraced in any act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be so expressed."

Article VIII, section 21, of the Constitution of Montana permits the Legislature to set jurisdictional limits for Justice and Police Courts. This it has done in R.C.M.1947, section 94-4916 (now 95-302) and in 11-1603. Chapter 226, or section 75-5304, clearly enlarges the jurisdiction of the Justice and Police Courts. It would permit a maximum fine, for example, of $500.00 plus $50.00 or as in the instant police court case, $300.00 plus $30.00. That the jurisdiction of the Court was not contemplated in the title or purpose of Chapter 226 is clear. The State argues, however, that this inconsistency is resolved by amendment by implication. This does not follow though. Chapter 226, Laws of 1965, if it were to supercede the old sections 94-4916 and 11-1603, would now be superceded again by title 95, Laws of 1967 in sections 95-302 and 95-303. This cannot be the result. Such a serious governmental function as jurisdiction of the Courts specially provided for in Constitutional terms is not so easily amended by the theory of implication.

We hold therefore that section 75-5304 insofar as it provides a "penalty assessment" is unconstitutional likewise as 75-5305.

We shall briefly allude to cases in other jurisdictions. In Sawyer v. Barbour, 142 Cal.App.2d 827, 300 P.2d 187, 191, the

178

California District Court of appeal held the California statute, similar to ours, as constitutional and rejected the view that the "penalty assessment" on bail is involved. There it was said, "The total sum deposited includes the bail and the penalty assessment, but the bail does not include the penalty assessment. The penalty assessment is in addition to the bail; it does not constitute, and is not included in, the deposit of bail." Frankly, we are not impressed with that logic!

The Oklahoma Supreme Court in Oklahoma City v. Griffin, Okl.1965, 403 P.2d 463, held the Oklahoma Drivers Education Act invalid mainly on the grounds that it was a special law and applied to less than the whole of a class of persons.

We have not considered Article XII, section 1b, commonly referred to as the antidiversion amendment since we do not feel it necessary.

▇ One final item. We have held that the effect of the "penalty assessment" is a tax on the right to bail. We also hold that, in view of the purpose and overall structure and meaning of Chapter 226, the attempted "penalty assessment" on fines is likewise a tax for State purposes. Therefore it is clear that the City of Butte must under the provisions of section 6 of Chapter 226 (R.C.M.1947, section 75-5306), transmit the amount collected on penalty assessments to the State Treasurer, other than the $2.00 assessment involved in the instant case which should be refunded. The Writ of Prohibition provides that the City shall "* * * return to the Relators (meaning all other persons similarly situated) upon proper claim, all sums now held by you, * * *." This part of the Writ is set aside since, as a tax, unless paid under protest, the funds properly belong in the State Treasury. (See for example R.C.M.1947 section 84-4502.)

The judgment, as before modified, is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON, and MR. JUSTICES HASWELL, ADAIR and JOHN CONWAY HARRISON, concur.